WESTERN UNION TELEGRAPH COMPANY v. MISSOURI ROBERTS.

Decided December 18, 1903.

**1.—Variance—"At" Meaning "Near."**

"At" when used in relation to a village or settlement means anywhere in the neighborhood of such village or settlement. Allegation "at Humble" is not affected by proof of a house two miles from Humble.

**2.—Trial—Evidence After Argument Begun.**

Article 1298 of the Revised Statutes, authorizing the trial court to admit evidence at any time before the conclusion of argument, is directory, and the abuse of the discretion by admitting evidence after the argument is closed, and before the case is given to the jury, must be shown to prejudice the case in order to be ground for revision.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Norman G. Kittrell, Jr.,* and *Hume & Hume,* for appellant.

*Edgar Watkins* and *Frank C. Jones,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against the appellant to recover damages for mental anguish caused her by the alleged negligent delay of appellant in delivering a telegram sent appellee by her sister advising her of the fatal illness of their mother. The facts constituting plaintiff's cause of action are thus stated in the petition:

"That heretofore, to wit, on or about the 12th day of December, 1902, plaintiff's mother was visiting the sister of plaintiff at Humble, in the county of Harris and State of Texas. That while plaintiff's said mother was visiting her sister, plaintiff's mother became very ill, and on the 12th day of December, 1902, and about 1 o'clock p. m., for the benefit of plaintiff, and in order that she might know the condition of her mother, plaintiff's said sister, whose name is Martha Sayers, telegraphed plaintiff as follows: 'Humble, Texas.—Mrs. M. Roberts, New Caney, Texas: Mama is much worse. (Signed) Martha Sayers.'

"That said telegram was delivered to the agent of the defendant by the said Martha Sayers or some one by her directed, and for the benefit of the plaintiff prepaid the costs of transmitting said telegram, to wit, the sum of twenty-five cents, said sum being paid to the agent of the defendant and said telegram delivered to said agent as aforesaid about 1 o'clock on the 12th day of December, 1902. That the distance from Humble to New Caney is about eleven miles, and that had the defendant exercised ordinary care said telegram would have been delivered almost immediately. That had said telegram been delivered before 5:30 p. m. of the 12th day of December, plaintiff could have taken the train that went from New Caney to Humble, and could have visited her mother and could have seen her mother before her death. That the defendant, through its officers, agents, servants and employes, negligently failed to

promptly and with ordinary care deliver said telegram, and negligently failed to deliver the same until 6 o'clock p. m. on the 12th day of December, 1902, and too late for the plaintiff to take the train and go from New Caney to Humble, said train having left the depot before plaintiff received said telegram. That on said date the creeks and streams between New Caney and Humble were in such condition that it was impossible for plaintiff to have gone through the country to Humble at night to see her mother. That the next train that plaintiff could have taken from New Caney to Humble was at 8 o'clock a. m. on the 13th of December. That had said telegram been promptly delivered plaintiff would have taken the train and gone to see her mother. That plaintiff's mother, whose name was Sarah A. D. Presswood, died on the 13th day of December, 1902, at 5 o'clock a. m., and by reason of defendant's failure to deliver said telegram hereinbefore copied plaintiff was unable to get to see her mother until after she had died. That by reason of being deprived of seeing her mother before her death, plaintiff suffered and still suffers great mental anguish and pain. The plaintiff had great affection for her mother, and loved her mother, and it was a great deprivation suffered by plaintiff to be deprived of being with her mother during her last illness and being with her at the time of her death."

The defendant's answer consists of a general demurrer and general denial. The trial of the case in the court below by a jury resulted in a verdict and judgment in favor of plaintiff for $1200.

The evidence is undisputed and establishes the following facts: On the 12th day of December, 1902, and for several years prior thereto plaintiff and her mother, Mrs. A. D. Presswood, now deceased, had their home at the town of New Caney, in Montgomery County. On the date above named Mrs. Presswood, who was visiting plaintiff's sister, Mrs. Sayers, near the village of Humble, in Harris County, became very ill, and Mrs. Sayers desiring to notify plaintiff of her mother's condition wrote and sent to appellant's agent at Humble the following telegram: "Humble, Texas,—Mrs. M. Roberts, New Caney, Texas: Mama is much worse. (Signed) Martha Sayers."

This telegram was delivered to the agent by Mrs. Sayers' son about 1 o'clock p. m. on December 12, 1902, and the charges for its transmission and delivery to plaintiff at New Caney paid. Humble and New Caney are both upon the railroad and are eleven miles distant from each other. The telegram was not delivered to plaintiff until 6 o'clock p. m. of the day on which it was sent, too late for her to take the evening train to Humble, which left New Caney just at the time the telegram was delivered to her. Owing to the impassable condition of the roads between New Caney and Humble, due to excessive rains, it was impossible for plaintiff to have made the trip between the two places after she received the telegram and before the death of her mother otherwise than by rail. She took the first train going to Humble for New Caney after receiving the telegram, but did not reach Humble until after her

mother's death, which occurred on the morning of December 13, 1902. If the telegram had been delivered with reasonable promptness plaintiff would have gone to Humble by rail on the evening of the 12th, and reached her mother several hours before her death. She and her mother were fond of each other, and plaintiff suffered much distress and anguish of mind by being deprived of the privilege of being with her and ministering to her in her last hours.

The first witness who testified in the case for plaintiff, Dr. Shadlin, stated that plaintiff's sister, Mrs. Sayers, at whose home the mother died, lived about two miles from Humble. He further stated that all of the roads around Humble, except the graded roads, were in a very bad condition on account of recent heavy rains. Several witnesses were then called by plaintiff and testified to the bad condition of the roads generally, and especially as to the impassibility of the road between New Caney and Humble. The time and circumstances of the sending of the telegram by Mrs. Sayers and its delivery to plaintiff were then shown as was also the time of Mrs. Presswood's death, and the schedule of the trains between New Caney and Humble. In detailing the circumstances under which the telegram was sent, Mrs. Sayers stated that she gave the telegram to her son just after dinner, to take to the telegraph office. She had dinner about 12 o'clock, and it did not take more than fifteen minutes to get through with it. The son also testified that he left home on horseback with the telegram after dinner and that he delivered it to the operator at Humble for transmission to New Caney about 1 o'clock. Dr. Shadlin testified that he met the boy with the telegram on the road between Mrs. Sayers' home and the telegraph office, about three-fourths of a mile from the latter place, between 12 and 1 o'clock. Plaintiff then testified that she would have gone to Humble by the train on the evening of the 12th if the telegram had been delivered promptly; that she did go on the next morning but arrived after her mother's death, and that she suffered great mental anguish because of her failure to see her mother before her death and to be with her in her last sickness. After the above testimony was in, plaintiff rested her case and defendant offered no testimony. Counsel for plaintiff and defendant then addressed the jury and submitted the case. After the argument had been closed, but before the court had charged the jury, plaintiff's counsel stated that he had omitted to prove a fact which he thought was material to his case and asked that Mrs. Sayers be recalled for the purpose of making such proof. Counsel for defendant objected to the introduction of any further evidence by the plaintiff on the ground that the argument having been closed, and the case submitted by counsel for both sides, it was not competent nor lawful for the court to allow plaintiff to reopen the case and re-examine the witness for the purpose of eliciting material testimony which should have been brought out on the first examination of the witness. This objection was overruled and the plaintiff was permitted to show by Mrs. Sayers that she sent a conveyance to the station at Humble to meet plaintiff on the arrival of the

train from New Caney on the evening of the 12th, and that the road between her home and Humble was graded and travel over some was not seriously affected by the wet weather.

The several assignments of error contained in appellant's brief present as grounds for reversal of the judgment of the court below the following: First. Because the cause of action shown by the evidence is not the cause of action alleged in the petition and the judgment is upon evidence not supported by any pleading. Second. Because the trial court was without authority in law to permit plaintiff to recall and re-examine her witness Mrs. Sayers and submit to the jury the testimony thus elicited after the argument of the case had been closed.

The contention of appellant upon the insufficiency of the pleading to support the case made by the evidence is thus stated in the first assignment of error:

"The cause of action alleged by the plaintiff was damages for pain and anguish of mind suffered by her because of the defendant's negligent failure to deliver promptly to her the telegram sent to her by her sister from Humble to New Caney, eleven miles distant, informing her that her mother was much worse, whereby the plaintiff was deprived of the opportunity, of which she could and would have availed had the telegram been duly delivered, to go to and be with her mother at Humble before her death; whereas the plaintiff was awarded judgment on a verdict rendered on evidence of damages from pain and anguish of mind suffered by her because of deprivation of opportunity to go to and be with her mother before the latter's death at the residence of Mrs. Sayers, two miles from Humble, without allegation that the plaintiff's mother was at the residence of Mrs. Sayers or was sick or died there, or of the locality of said residence or its distance from Humble, or of the practicability or means of provision for the plaintiff's reaching it on said night of December 12th, even had she duly received the telegram at New Caney and taken the train and duly arrived thereon at Humble at 6:40 p. m. that night."

We can not agree with appellant's counsel in this contention. The allegation that plaintiff's mother was taken sick while on a visit to Mrs. Sayers at Humble would be ordinarily understood to mean that she was taken sick at Mrs. Sayers' home or place of residence, and the expression "at Humble" can not be restricted in its meaning to one of the group of houses known as the village of Humble. The only evidence in the record descriptive of the place known as Humble is that it is a small village in Harris County at which there is a railroad station. The number of inhabitants or the area covered by the village is not shown nor is it shown that said village had any definite limits. We think, as ordinarily used and understood, the word "at," when used in relation to a village or settlement of this character, anywhere in the neighborhood of such village or station, and there was no variance between the allegation that plaintiff's mother was sick "at Humble" and the evidence which showed that the house at which she was sick was about two miles from the village

or station of that name. Williams v. Railway Co., 82 Texas, 559; Frey v. Railway Co., 6 Texas Civ. App., 29.

The second ground urged for a reversal is not without force, but we are of the opinion that article 1298 of our statutes which provides, in substance, that the trial court may at any time before the argument in a case is closed permit either party to supply an omission in the testimony, since it only establishes a rule of procedure, is merely directory, and a party complaining of its infraction must, in order to obtain a reversal of the judgment of the court below by reason of the disregard of the rule, show that he has been injured thereby. No such showing is made by the appellant, but on the contrary the bill of exceptions as modified by the trial judge shows that before admitting the testimony complained of he inquired of counsel for appellant whether they had dismissed any of their witnesses and was informed that they had not. The court then admitted the testimony and counsel for appellant were told that they could reargue the case upon the additional testimony, and did discuss same before the jury. We think it apparent from this statement that appellant was not injured by the action of the court in admitting the testimony, and the assignment presenting the question should not be sustained. Meyers v. Maverick, 28 S. W. Rep., 716.

We are further of opinion that the assignment is without merit for the reason that even had this testimony been excluded no other verdict than one in favor of plaintiff could have been properly rendered under the evidence adduced before the argument of the case was begun. The testimony of Mrs. Sayers and her son shows that the latter carried the telegram from Mrs. Sayers' home to the station at Humble in less than an hour. The evidence further shows that the train which left New Caney at 6 p. m. on the evening of the 12th reached Humble at 6:40 p. m. of that day. There was no evidence of any rain on the evening of the 12th. In the absence of any rebutting testimony on the part of the appellant the jury must have found from the evidence that if the plaintiff had arrived at Humble at 6:40 p. m. on the evening of the 12th, she could have reached Mrs. Sayers' home before the death of her mother, which did not occur until about 7 o'clock a. m. of the next day.

We think the assignments present no error that would authorize a reversal of the judgment of the court below, and it is affirmed.

*Affirmed.*

Writ of error refused.