Western Union Telegraph Company v. J. E. McDavid.

No. 2100. Decided November 30, 1910.

**1.—Telegraph—Damages—Causal Connection—Attendance at Funeral.**

On the issue as to whether the nondelivery of a telegram prevented a daughter from attending her parent's funeral, the possibility of which depended on making connection between trains at an intermediate station, proof that by their schedule the train of the first arrived there fifteen minutes before the departure of the second, giving time, though narrow, to make the connection, and was usually on time, was sufficient to support a recovery by plaintiff, though there was no evidence that such first train was on time on that day. (P. 602.)

**2.—Same—Railway Trains—Connections—Presumption of Regularity.**

On the analogy of the decisions as to the presumption of delivery of letters in the usual course of mail, it would be presumed that railway trains made connection on a given day in accordance with their published schedules, rather than the contrary. (P. 602.)

Error to the Court of Civil Appeals for the Second District in an appeal from Taylor County.

The Telegraph Company obtained writ of error on the affirmance, upon its appeal, of a judgment recovered against it in the District Court by McDavid.

*Ed. J. Hamner* and *N. L. Lindsley* (*Geo. H. Fearons,* of counsel) for plaintiff in error.—In order to recover damages for failure to deliver a telegram, thereby preventing a daughter from being present and seeing her father after death and before burial, it is necessary to prove that had the telegram been delivered said daughter could and would have attended the funeral. Tel. Co. v. Smith, 30 S. W., 549; Tel. Co. v. Brown, 55 S. W., 155; Tel. Co. v. Bell, 92 S. W., 1036; Slaughter v. Tel. Co., 112 S. W., 689.

*Wagstaff & Davidson,* for defendant in error.—There was ample proof that if the message had been promptly delivered it would have reached Abilene in time for appellee's wife to have taken the next

train and to have reached her father's home before the funeral. Tel. Co. v. Clark, 38 S. W., 225.

We cite the following cases, which hold that telegraph companies are presumed to have delivered messages in due time after having received them: 54 American Reports, 221, 44 L. R. A., 438. The authorities hold practically with no exception that letters duly posted in the United States mail are presumed to have reached the addresses in due course of mail. We refer the court to 116 S. W., 258; 84 S. W., 786; Wharton on Evidence, sec. 1323-4; Jones on Evidence, sec. 53, p. 49; 93 S. W., 527; 142 Fed., 315.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

As appears from the opinion of the Court of Civil Appeals, the ability of plaintiff's wife to have reached Newark, where her father was to be buried, in time to attend his funeral, depended on the arrival at Ft. Worth of the train over the Texas & Pacific Railway from Abilene, on which plaintiff would have travelled, in time for her to take the train of the Rock Island road to Newark. According to the proved schedules of the two trains, the time between the arrival of the former and the departure of the latter was fifteen or twenty minutes, sufficient for the purpose. The evidence failed to show whether or not the former train was on time on the night when Mrs. McDavid would have taken it had she received the telegram, but did show that it was usually on time. The question is, was the evidence sufficient to sustain the finding of the jury that plaintiff's wife was prevented from reaching Newark in time for the funeral by the negligent failure to deliver the telegram on which the suit is based in time for her to take the train referred to from Abilene? We hold that it was. The decisions of courts which infer or presume the receipt of letters in due course of mail, that is, at the regular times, from proof of the proper posting and of the time usually taken in carrying and delivering, are fairly decisive, because they necessarily infer or presume that trains on which most letters now-a-days are carried made the journey according to schedules. It is only by assuming that fact that the regular or usual time for the delivery of a letter carried by railway could be ascertained. Most often the inquiry, in such cases, has been merely whether or not the letter was received at some time which did not have to be ascertained very exactly in order to meet the purposes of the case. The probability that a letter duly posted has been delivered within some reasonable time is very strong, so strong that it is sometimes said that the denial of receipt by an interested person ought to be accepted, if at all, with great caution. Evidently the probability that a particular train ran so closely on its usual time as it is necessary to assume the one here in question did is very much weaker, but still there is a probability in favor of the regular and usual course of a business of that kind, whose rule is uniformity of operation, upon which a jury may well act in the absence of counter-vailing evidence.

This is the consideration upon which is based the inference, not only of the fact of delivery of letters, but of the delivery at the

regular time. The many cases upon the subject need not be cited further than by these references: 16 Cyc., 1065, 1069; 22 Am. & Eng. Ency. Law, 1252-1256; 1 Greenleaf Ev., 16th Ed., 40; Wharton on Ev., 1323-4; Jones on Ev., sec. 46.

It follows that the judgments below should be affirmed.

*Affirmed.*