HERMANN v. SCHROEDER. (No. 6729.)

(Court of Civil Appeals of Texas. Galveston. March 16, 1915. On Motion for Rehearing, April 12, 1915.)

1. TRIAL ☞312 — CONDUCT OF JURY — INSTRUCTIONS AFTER SUBMISSION.

Under Rev. St. 1911, art. 1975, providing that additional instructions may be given upon any question of law arising in the case on application of the jury therefor, the court can answer a written question relating to the law applicable, which was propounded by the jury after they had retired to consider their verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 744, 745; Dec. Dig. ☞312.]

2. TRIAL ☞325—DELIBERATIONS OF JURY— UNDERSTANDING OF INSTRUCTIONS.

It is not error for the trial court to refuse to summon jurors before it, after the verdict, to interrogate them as to whether they correctly understood the instructions, where there was nothing in the instructions that could have misled them as to the law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 765–767; Dec. Dig. ☞325.]

3. TRIAL ☞260—REQUESTED CHARGE—REPETITION OF GIVEN CHARGE.

In a boundary suit, where the defendant pleaded adverse possession, and the court had charged that in connection with the plea of limitation, if at any time prior to the beginning of the suit defendant was in adverse possession of the land in controversy for a period of ten consecutive years, he would have title by limitations, defining peaceable possession and adverse possession, that to acquire such title the possession must be continuous for ten years, and if there is a break in the possession, which indicates the abandonment of the actual possession, or if there are intervals between defendant's possession, so as not to leave ten years' continuous actual possession, it will not support the plea of limitations, that if one holding the possession holds it in subordination to the title of another, or, before acquiring complete title by limitations, admits the title of the other or promises to vacate, or does not hold adversely to the other, he cannot, as against such other, hold or acquire title by limitations, and that limitation cannot extend beyond the boundaries claimed in the deed, unless the land claimed outside of such boundaries is in the actual, peaceable, and adverse possession of the claimant for ten years continuously before the suit is filed, it was not error to refuse a requested charge that, unless the defendant had actual, visible, open, notorious, peaceable, and adverse possession of the land in controversy for more than ten years continuously and without interruption and without knowledge or admitting the title of the plaintiff, they should find for the plaintiff on the issue of limitations.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

4. APPEAL AND ERROR ☞758 — QUESTIONS PRESENTED—BRIEF — ASSIGNMENTS OF ERROR.

Under Court of Civil Appeals rule 29 (142 S. W. xii), requiring the plaintiff in error to file a brief of the points relied on confined to the distinct specifications of error, which shall be copied in the brief, and providing that each assignment not so copied and accompanied with its appropriate propositions and statements shall be regarded as abandoned, error in instructing the jury as to the form of their verdict, if they found for defendant, cannot be reviewed, where the assignment, as copied in the brief, related only to error in the form of the verdict, if they found for plaintiff, though the statement under the assignment gave the instruction as to the form of a verdict for defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. ☞758.]

5. BOUNDARIES ☞33—ACTIONS—BURDEN OF PROOF.

In a boundary line suit, where plaintiff alleged that the land in controversy was not included in defendant's deed, he has the burden of proving that allegation.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 146–152; Dec. Dig. ☞33.]

On Motion for Rehearing.

6. BOUNDARIES ⬅➡43 — ACTIONS — RECOVERY OF PART—DESCRIPTION.

In a boundary line suit, where plaintiff is not entitled to recover all the land described in the petition, he may recover a portion thereof, even though his proof does not describe it sufficiently for the jury to locate it.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 208; Dec. Dig. ⬅➡43.]

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Action by G. H. Hermann against John F. Schroeder. Judgment for the defendant, and plaintiff brings error. Affirmed, and motion for rehearing overruled.

J. W. Lockett, of Houston, for plaintiff in error. Carlton, Townes & Townes, of Houston, for defendant in error.

LANE, J. G. H. Hermann, plaintiff in error, brought this suit against John F. Schroeder, defendant in error, to recover about 4.91 acres of land situated in Harris county, Tex., and for damages.

It is an undisputed fact that in 1872 A. J. Shepherd owned a large body of land; that he sold Schroeder 20 acres in 1872, and some years later he sold Hermann a large body of land which joined Schroeder's 20 acres on the east, west, and south.

Plaintiff in error in the fifth paragraph of his petition alleged:

"That, in addition to being a trespass to try title suit, this is also a boundary line suit; that defendant owns lands north of and adjoining the land hereinbefore described and sued for, and this plaintiff is informed and believes that defendant is asserting that his tract of land embraces and includes the land hereinbefore described and sued for, and that he is also claiming that his south line extends down upon and embraces the hereinbefore described land, and that he is also claiming that the land owned by the plaintiff, instead of embracing the hereinbefore described and sued for land, only extends to the south line of the land hereinbefore sued for. But this plaintiff respectfully alleges that the land sued for and hereinbefore described is not any part of the land owned by the defendant, and that the land owned by the defendant, if any, does not embrace nor include any part of the land herein sued for, but there is a dispute between plaintiff and defendant as to the true location of the boundaries of their respective properties and as to the true location of the dividing line between their respective properties."

Defendant in error, John F. Schroeder, answered (1) by plea of not guilty, and (2) by plea of limitation of three, five, and ten years.

The case was tried before a jury, and a verdict and judgment were rendered for defendant in error for the land sued for. The evidence was amply sufficient to support the verdict and judgment on either theory of appellee's answer.

[1] After the jury had been charged by the court and had retired to consider their verdict, they returned into open court and propounded to the court in writing the following question:

"Does the fact that the plaintiff Hermann requested the defendant Schroeder to move the south fence back off from the land claimed by the plaintiff Hermann deprive Schroeder of peaceable possession of the land which he had acquired by limitation in the absence of Hermann having brought suit?"

To this question the court answered in writing, "No." The action of the court in making such answer is assigned as error.

The mere statement of the assignment is sufficient to show that the complaint is without merit. Article 1975, Revised Statutes 1911, provides that additional instructions may be given upon any question of law arising in the case, upon application of the jury therefor, and therefore the assignment is overruled.

[2] The second assignment is as follows:

"The court erred in refusing to grant plaintiff's motion to summons the jurors who decided this case and take their testimony as to whether they misunderstood and were confused by the charge of the court on the question of limitation, and as to their understanding and meaning of the question asked the court, and of the court's answer thereto, and whether or not the allegations in plaintiff's motion requesting the same are true."

We know of no law, either statutory or otherwise, which requires or authorizes the court to make such inquiry of the jury as was requested in this case. The jury is presumed to be composed of men of ordinary intelligence, who understand the court's charge. If such practice as here suggested were indulged in, it would soon become intolerable. There is no allegation or intimation that the jury, or any member of the same, was guilty of misconduct. The jury, nor any member thereof, cannot impeach their verdict by stating, after they have rendered the same, that they did not understand a plain charge of the court. There was nothing in the question propounded by the jury to the court, nor in the answer of the court to such question, that was calculated to or could have misled the jury or any member thereof, and therefore the court did not err in refusing appellant's request, as indicated in the assignment.

The third and fourth assignments complain of the court's charge. There is no merit in such complaints. The charge complained of was called for under the pleadings and evidence, and was not upon the weight of the evidence, as contended by appellant.

[3] The fifth assignment is as follows:

"The court erred in refusing to charge the jury as follows, as requested in plaintiff's charge No. 5, refused by the court, to wit: 'Unless you believe from the evidence that the defendant has had actual, visible, open, notorious, peaceable, and adverse possession of the land in controversy for more than ten years continuously and without interruption and without knowledge or admitting the title of plaintiff, you will find in favor of plaintiff upon the issue of limitation for all or such part of the land in controversy, as the defendant has not had continuous, actual, peaceable and adverse, open, notorious, and hostile possession of for ten years continuously before the institution

of this suit and after the plaintiff's cause of action accrued.'"

The court charged the jury as follows:

"In connection with defendant's plea of limitation, you are charged that if you believe from the evidence that, at any time anterior to bringing this suit, Schroeder was in peaceable and adverse possession of the land in controversy, cultivating, using or enjoying the same, for a period of ten consecutive years, then you are instructed that he would have title by limitation to the same, and, if you so find, you will let your verdict be for the defendant Schroeder. 'Peaceable possession,' as above used, means continuous possession not interrupted by adverse suit to recover the land. The term 'adverse possession,' as used above, means the actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

The court also gave appellant's special charges Nos. 8, 9, and 10, which are.as follows:

No. 8: "In order to acquire title by limitation as in this case, it is necessary that the possession must be continuous for ten years; and if there is a break in the possession which indicates the abandonment of the actual possession, or if there are intervals between the different possessions, so as to not leave ten years' continuous actual possession, it will not support the plea of ten years' limitation."

No. 9: "If one holding actual possession of land holds the same in subordination to the title of another, or, before having acquired complete title by limitation, admits the title of the other, or promises to vacate the same, or does not claim adversely to such other, he cannot, as against such other, hold or acquire title by limitation."

No. 10: "Limitation cannot extend beyond the boundaries described in the deed, unless the land claimed outside of such boundaries is in the actual, peaceable, and adverse possession of the claimant for ten years continuously before the suit is filed."

In view of the charges given by the court, as above set out, it is apparent that the court did not err in refusing the requested charge, refusal of which is complained of in the fifth assignment, as the substance of such special charge was sufficiently given in the charges given by the court. The charge given by the court complained of by appellant's sixth assignment was a correct instruction under the pleadings and evidence of the case, and the court did not err in giving same to the jury.

[4] The seventh assignment in appellant's brief insists that the court erred in instructing the jury that, if their verdict should be in favor of plaintiff, the form of their verdict should be:

"We, the jury, find in favor of plaintiff and against the defendant for the land sued for."

The assignment is quoted verbatim as found in appellant's brief: The charge complained of is favorable to appellant, and of which he has no cause to complain. But in the statement under the assignment it is stated that the court also instructed the jury that:

"If they should find in favor of defendant, the form of the verdict should be: 'We, the jury, find in favor of the defendant and against the plaintiff for the land sued for.'"

This last statement, however, is no part of the assignment as found in the brief. In the argument under this assignment, it is contended by appellant that the effect of the court's charge complained of was to instruct the jury that they should find for the successful party the whole of the land sued for, while the jury should have been instructed that they might find for such party the whole or any part thereof.

Appellant's complaint might be answered by saying that the assignment found in his brief presents no such complaint, as is set out in his statement or argument under said assignment, and therefore such statement and argument cannot be considered, as the same is nowhere in appellant's brief assigned as error; and, even if assigned in the record as error, such assignment cannot be considered, because the same was waived by not assigning same as error in appellant's brief. Rule 29 (142 S. W. xii) made by the Court of Civil Appeals of Texas, providing for filing of briefs in this court, provides:

"The appellant, or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on in accordance with and confined to the distinct specifications of error (which assignments shall be copied in the brief) and to such fundamental errors of law as are apparent upon the record, each ground of error being separately presented under the proper assignment; and each assignment not so copied and accompanied with its appropriate propositions and statements shall be regarded as abandoned."

Should we consider, however, said statement and argument as an assignment, the same would not present reversible error. After a careful examination of the entire statement of facts, we fail to find any description whatever of any land sued for or claimed by appellant other than the whole of the 4.91-acre tract described in his petition. Several witnesses testified that prior to 1893 there was a small piece of land near the southwest corner of Schroeder's inclosure which was not within his inclosure at that time, but no witness gave even a remote description thereof; hence we conclude that, as appellant had sued to recover from defendant the 4.91 acres of land so described in his petition, he should have made proof, describing any smaller portion of the land sued for, so as to enable the jury to locate the same, and to enable the court to instruct the jury with reference thereto. If appellant was unable to point out what land, now claimed by Schroeder and sued for by him, other than that described in his petition, if any, which he contends was not under Schroeder's fence in 1893, the court could not instruct the jury with reference thereto, nor could the jury locate the same. For the reasons pointed out, we overrule said assignment No. 7.

[5] The eighth assignment complains that the court erred in charging the jury that the burden of proof was upon plaintiff, by a preponderance of the evidence, to show that

said land was not included and embraced in the deed from Shepherd to Schroeder.

This is purely a boundary suit as brought by appellant, and in his petition he so alleges, and also further alleges that the land sued for is not any part of the land owned by Schroeder, and that it was not included within the field notes in Schroeder's deed. The charge of the court practically followed the allegations of appellant's petition, and properly instructed the jury as to the burden of proof, and was not error. We cannot believe that any jury of ordinary intelligence could have been misled in this case to the injury of appellant by the charge complained of.

This disposes of all of appellant's assignments, and, as we find no reversible error committed in the trial of this cause in the court below, the judgment of the trial court is in all things affirmed.

Affirmed.

### On Motion for Rehearing.

[6] The trial court instructed the jury that, should their verdict be in favor of plaintiff, the form of such verdict should be: "We, the jury, find in favor of plaintiff and against defendant for the land sued for." Appellant's seventh assignment in his brief assigns such charge as error. In passing on this assignment in the original opinion, this court pointed out that such charge was favorable to appellant, and of which he could make no just complaint. We also called attention to the fact that, under appellant's said assignment, he makes the statement that the court instructed the jury that, if they should find in favor of defendant, the form of their verdict should be, "We, the jury, find in favor of the defendant and against the plaintiff for the land sued for;" that such statement was no part of the assignment presented in appellant's brief, but made only as a statement thereunder; and that, under rule 29 for the Court of Civil Appeals, this court would not consider such statement as any part of the assignment in said brief. This was a sufficient and complete answer to appellant's seventh assignment. But, without any necessity for so doing, in the original opinion we made the following statement:

"Should we consider, however, said statement and argument as an assignment, the same would not present reversible error. After a careful examination of the entire statement of facts, we fail to find any description whatever of any land sued for or claimed by appellant, other than the whole of the 4.91-acre tract described in his petition. Several witnesses testified that prior to 1893 there was a small piece of land near the southwest corner of Schroeder's inclosure which was not within his inclosure at that time, but no witness gave even a remote description thereof; hence we conclude that, as appellant had sued to recover from defendant the 4.91 acres of land so described in his petition, he should have made proof, describing any smaller portion of the land sued for, so as to enable the jury to locate the same, and to enable the court to instruct the jury with reference thereto. If appellant was unable to point out what land now claimed by Schroeder and sued for by him, other than that described in his petition, if any, which he contends was not under Schroeder's fence in 1893, the court could not instruct the jury with reference thereto, nor could the jury locate the same. For the reasons pointed out, we overrule said assignment No. 7."

In appellant's motion for rehearing he insists that such holding is erroneous and not the law. In this contention appellant is correct, and we now recede from the holding complained of in the original opinion. But as such holding was not at all necessary to a proper decision of the question presented by appellant's assignment, as hereinbefore pointed out, we see no reason to change our conclusion that the judgment of the lower court should be affirmed, and therefore the motion is overruled.

Overruled.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes