HENDERSON v. NELSON.  (No. 2660.)

(Court of Civil Appeals of Texas. Amarillo. April 21, 1926. Rehearing Denied May 26, 1926.)

1. **Boundaries** ⬩43—**In boundary dispute, plaintiff may recover part of land described in petition if not entitled to all.**

In trespass to try title involving boundary dispute, if plaintiff is not entitled to recover all the land described in his petition, he may recover a part thereof.

2. **Boundaries** ⬩43—**Where location of an old fence is fixed by evidence in boundary line suit, boundaries can be defined with reference thereto.**

Where, in a boundary line suit, the location of an old fence line could be fixed from the testimony, it would be sufficient to use as a basis in defining the boundaries.

3. **Trial** ⬩377(2)—**Plaintiff should have been permitted to give additional evidence after both parties had closed to identify land sued for, where court thought evidence failed to fix its location (Vernon's Sayles' Ann. Civ. St. 1914, art. 1952; Rev. St. 1925, art. 2181).**

Where, in boundary line suit, after evidence was closed and case was argued, court was of opinion that plaintiff's evidence failed to fix by field notes location of land sued for or any part thereof, plaintiff should have been permitted to offer additional evidence to identify the land, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1952 (Rev. St. 1925, art. 2181), where no delay or prejudice would have resulted.

4. **Adverse possession** ⬩66(1)—**Purchaser of land who claimed to fences until after 30 years fence was moved back by adjoining owner held to have title by limitation.**

Where plaintiff purchased fenced land and claimed all land included within fences, though not knowing whether fence was on line, and was unmolested more than 20 years, until adjoining owner set fence back, and strip had been under fence more than 30 years, he had title by limitation.

5. **Trespass to try title** ⬩47(1)—**Judgment, in suit to determine location of boundary line, describing lines with reference to line of block which was in dispute, was fatally defective.**

Judgment, in trespass to try title involving dispute as to location of line between two blocks, wherein fields notes called for such line and described lines with reference thereto, was fatally defective.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Suit by J. W. Henderson against E. G. Nelson. From a judgment granting affirmative relief to defendant, plaintiff appeals. Reversed and remanded.

E. E. Fischer, of Wichita Falls, for appellant.

Mathis & Caldwell, of Wichita Falls, for appellee.

JACKSON, J.  This is a suit in trespass to try title, instituted by appellant, J. W. Henderson, in the district court of Wichita county, Tex., against appellee, E. G. Nelson, to recover block 8, which is alleged to contain 6.3 acres, and which he describes by metes and bounds, and which lies immediately east of and adjacent to block 9, both of which blocks are in the Kemp & Newby subdivisions of the southeast quarter of section 11 of the John A. Scott survey, according to the plat of record in book N, p. 208, of the deed records of Wichita county, Tex.; and more particularly for the recovery of a strip of land alleged to constitute a part of block 8, which is described by metes and bounds, as follows:

"Beginning 550 feet east from the southwest corner of block 9 of said subdivision; thence north 543 feet to a point 550 feet from the northwest corner of said block 9 of said subdivision; thence east 19.5 feet with the north line of said lot 8 to a corner of a new fence; thence south 0°35″ east with the new fence line 543 feet to the south line of said lot 8; thence west 27.8 feet to the place of beginning."

Appellant also pleaded title to the land which he sought to recover under the statute of 10 years' limitation and under the statute of 25 years' limitation, alleged the annual rental value of the land to be $500, and the malicious encroachment upon his land by appellee in violation of the criminal statutes of Texas, for which he asked actual damages in the sum of $250 and exemplary damages in the sum of $500. He also asked actual damages in the sum of $1,000 and exemplary damages in the sum of $500 for injuries done to his land by appellee in cutting away a natural bank or terrace on the southwest corner of the premises and hauling soil from his property.

Appellee answered by general demurrer, general denial, a plea of not guilty, pleaded the statutes of 10 years' limitation, that appellant had never claimed said property, and was now estopped from asserting ownership thereto, and prayed that the title to the strip in controversy be quieted in him free from any claim, right, title, or interest of appellant thereto.

It was agreed by the litigants on the trial that on September 9, 1889, the time of the Kemp & Newby subdivision referred to, the plat of which is of record in book N, p. 208.

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the deed records of·Wichita county, Tex., a copy of which was·introduced in evidence, that the title of the land subdivided was vested in J. W. Kemp and A. Newby, and that they were the common source of title. The suit resolved itself, first, into one of boundary, the object of which was to locate the true division line between block 8 and block 9: and, second, to determine which, if either, the appellant or appellee had title by limitation.

At the conclusion of the testimony the court, before whom the case was tried without the intervention of a jury, rendered judgment that appellant take nothing by his suit, and that appellee be quieted in the title and possession to the 1.87 acres of land described as follows:

"Beginning at a point in the east line block No. 9, of the Kemp & Newby subdivision of the southeast one-fourth of J. A. Scott survey No. 11; said point being 538 feet south of the northeast corner of said block 9; thence north with the east line of said block No. 9 a distance of 538 feet to the northeast corner of said block No. 9; thence west with the north line of said block No. 9 a distance of 150 feet to a stake for corner, being the northwest corner of this tract; thence south parallel with the east line of block No. 9, a distance of 484 feet to a point in the north line of said Henrietta road, said point being the southwest corner this tract; thence east with the north line of said Henrietta road to the place of beginning, containing 1.76 acres."

At the request of appellant, the court filed findings of fact, and, in so far as necessary to the disposition of this appeal, they are to the effect that on July 31, 1903, the appellant purchased block 8, received a deed thereto, but the block was not described by metes and bounds; that he at no time until after the institution of the suit had block 8 surveyed, and did not know the exact location of the west boundary line, nor exactly how many acres of land he had in block 8; that he made no claim to any excess in block 8 before the filing of the suit, but claimed only the property called for in his deed; that the appellee received on November 29, 1923, a deed which conveyed and described his land as set out above from the judgment; that after the purchase of the land appellee moved a wire fence which was standing near the east boundary line of his property so as to comply with the metes and bounds in his deed, as determined by the surveyor, which new fence was and now is about 20 feet east of the old fence, which old fence had been standing for more than 25 years, and that the new fence was placed upon the true and correct boundary line between blocks 8 and 9; and at no time did appellee claim any part of block 8, but claimed only the part of block 9 described in his deed; that the appellant failed to fix by testimony the field notes of the property he claimed he was entitled to, and failed to prove that the property described in the petition was any part of the property claimed by

appellee; and that appellant was not damaged by any of the acts of appellee.

Appellant assails as error the finding of the court that he failed to fix by testimony the field notes of the land he sought to recover, and the finding that he made no claim to any land before his suit was filed, except that covered by his deed, because the evidence establishes with certainty the strip of land which had been inclosed within his fence, and, if it did not, he offered before the argument in the case was closed to introduce testimony to remove all uncertainty, if any existed, and because the evidence established without controversy that he claimed all the land within his fences since its purchase in 1903.

The court finds that appellant's west line of fence had been standing for more than 25 years, when appellee set it over east about 20 feet. The testimony shows that a portion of the strip described in the petition, and sued for, had been in appellant's inclosure for more than 25 years. Appellee's deed calls for the east line of block 9, which is the west line of block 8. The testimony is that the south and north lines of block 9 are each 550 feet in length.

Surveyor John A. McDonald testified that he found the old fence line shown by post holes at the southwest corner of block 8, 556.6 feet east of the southwest corner of block 9, and said old fence line as shown by the post holes at the northwest corner of block 8, 666 feet east from the northwest corner of block 9. The old fence had been moved east about 20 feet: hence, it is obvious that appellee had within his inclosure the strip of land that had been included in appellant's fences before moving the west line east.

[1, 2] The finding of the court and the testimony tend to show that the strip which was included in appellant's fences is 13.4 feet in width at the south end and 4 feet in width at the north end. If appellant was not entitled to recover all the land described in his petition, this did not prevent a recovery of a part thereof (Hermann v. Schroeder [Tex. Civ. App.] 175 S. W. 788), and if the location of the old fence line could be fixed from the testimony, it would be sufficient to use as a basis in defining the boundaries (Watkins v. Hines [Tex. Civ. App.] 214 S. W. 663). In connection with the court's finding that the evidence failed to fix by field notes the location of the land sued for, appellant presents a bill of exception which discloses that, after the evidence had been closed and both sides had argued the case, the court indicated that the testimony submitted was insufficient to close the field notes according to appellant's description, but that he would take the case under advisement and hear further argument and authorities; that thereafter appellant made his motion to be allowed to introduce additional evidence to identify the land, and, after hearing argument on the motion, the

court announced that he had made a rule that whenever both sides had closed he would not permit the reopening of any case, and, while such rule had not been spread upon the minutes, and appellant's counsel had no notice thereof, he overruled said motion and refused to hear any additional testimony.

Appended to appellant's bill is a qualification by the court to the effect that since October 15, 1924, he had adhered to the rule of not permitting the reopening of a case after the testimony was closed; that after both sides had closed, a full discussion had, and written arguments were furnished him, he studied the case two or three weeks and announced that, in his opinion, the plaintiff had failed to prove its case, and appellant's counsel then requested the court to be permitted to reopen the case and introduce additional testimony.

The trial court was evidently convinced that appellee had under his fence a strip of land that had been inclosed with appellant's fence for more than 25 years. The record does not indicate that any material delay would have occurred by hearing further testimony, or that appellee's witnesses had gone, or that he would have been inconvenienced or injured by such procedure. The court apparently declined to hear the testimony for the reason that the rule he had made relative to reopening cases after the testimony was closed would be violated.

[3] Inasmuch as the court was of the opinion that the testimony did not fix by field notes a description of the land or any part thereof sued for with sufficient certainty to authorize a recovery, we think, as no delay of consequence would have occurred and no prejudice to appellee would have resulted, the appellant should have been permitted to offer, if immediately available, additional testimony on this issue. Article 1952, Vernon's Sayles' Ann. Civ. St. 1914; article 2181, R. C. S. 1925; Pierce Oil Corp. v. Gilmer Oil Co. (Tex. Civ. App.) 230 S. W. 1116; Prescott Oil & Gas Co. v. Gilliland Oil Co. (Tex. Civ. App.) 241 S. W. 775; Texas Co. v. Ramsower et al. (Tex. Civ. App.) 255 S. W. 466; Puckett & Wear v. City of Fort Worth (Tex. Civ. App.) 180 S. W. 1115; Massachusetts Bonding & Ins. Co. v. Florence (Tex. Civ. App.) 216 S. W. 471; Western Union Tel. Co. v. Roberts, 34 Tex. Civ. App. 76, 78 S. W. 522; Meyers v. Maverick (Tex. Civ. App.) 28 S. W. 716; G., C. & S. F. Ry. Co. v. Johnson, 83 Tex. 628, 19 S. W. 151.

Appellant testified that he purchased block 8 in 1903, and that it was under fence at that time, and remained inclosed until appellee in 1923 set the west line of his fence over east about 20 feet; that he had never been molested in the possession of the land under fence until appellee moved the west line thereof; that he had never had it surveyed and never had it measured, and did not know whether the fence was on the west boundary line or not, but that he had always claimed all the land conveyed to him by his deed, and all the land included within his fences, because he had bought and paid for it, and that it had been under fence for more than 30 years.

[4] The only fair construction to be given to his whole testimony is that he claimed all the land under fence since he had purchased it and received a deed to block 8, and, in our opinion, the facts and circumstances in the record are sufficient to show that he was asserting such claim to all the lands inclosed within his fences as would authorize a recovery of the strip by limitation.

Appellant assails, as error, the action of the court in rendering judgment giving appellee affirmative relief, because the field notes set out in the judgment describing the land to which appellee is given title by the decree do not call for any identified line or point by which the location of the land can be determined with certainty. It will be noted that the suit, in so far as it involved a question of boundary, was for the purpose of determining the true location of the east line of block No. 9 and the west line of block No. 8, which constituted the division line between said blocks.

[5] The field notes set out in the judgment call to begin in the east line of block 9, the location of which was a disputed issue, and that the east line of appellee's tract should run with the east line of block 9, the location of which was in controversy. Said field notes call for the northeast corner of block 9, which was a point in controversy. They call for the west line of appellee's tract to run south parallel with the east line of block 9, the line in dispute. Hence, in so far as the judgment undertakes to give to appellee affirmative relief in the description set out therein, it is fatally defective. Jones et al. v. Andrews et al., 72 Tex. 5, 9 S. W. 170; Devine v. Keller, 73 Tex. 364, 11 S. W. 380.

Appellant assails as error the action of the trial court in rendering judgment against him for the land in controversy, and for damages and rents, because the uncontroverted testimony discloses that he was entitled to recover the land described in his petition and rents for the use thereof, and damages for cutting away and removing soil from his premises. Inasmuch as the case must be reversed, we will not discuss the testimony in detail, but content ourselves with stating that, in our opinion, the evidence raised issues of fact to be determined by the trial court.

Appellant, by a number of assignments, challenges as error the action of the court in admitting certain testimony and failing and refusing to make certain findings of fact as requested by him, but in all probability such alleged errors will not occur on another trial, for which reason we consider it unnecessary

to consider them in detail—none of which, however, we think would require a reversal of the case.

For the errors discussed, the judgment is reversed and the cause remanded.