## SOUTHLAND LIFE INS. CO. v. GREENWADE.

### No. 2212.

Court of Civil Appeals of Texas. Waco.

June 27, 1940.

Rehearing Denied Sept. 26, 1940.

Carpenter, Carpenter & Allison, of Dallas, for appellant.

Martin & Allred and Morrow & Calvert, all of Hillsboro, for appellee.

TIREY, Justice.

This is a suit on two insurance policies tried before the court without a jury. The defense was non-receipt of quarterly premiums within the grace period, and consequently the lapse of the policies. Plaintiff alleged payment of the premiums by means of mailing a check. The check was never presented to the bank on which it was drawn for payment. Therefore, the major question is whether the mailing of the check within the grace period constituted a payment of the premiums, so as to prevent a forfeiture of the policies. Judgment was rendered for plaintiff, and defendant appeals.

The policies in suit were issued and delivered on September 9, 1936, and premiums were payable in quarterly installments of $4.46 on each policy, which sum was payable on the 9th days of March, June, September and December of each year. The premiums that matured on the 9th of June, 1938, were not paid on the due date, and on July 5, 1938, the company, through its vice-president, wrote the insured, in part, as follows: "I notice that you have not sent in your remittance for the current premium which is now considerably past due. The end of the grace period is at hand and I trust that you will make prompt payment in order that your valuable protection and investment contract may be properly continued. If the present premium paying schedule is more than you can conveniently handle at this time, let us hear from you, as it is the sincere desire of myself and the management of this company to render every assistance possible in helping you to continue with your excellent life insurance program." The grace period expired July 10, 1938, which was on Sunday. The insured died on July 18, 1938. The record shows that the assured had been paying the premiums by check. The quarterly premiums that matured on December 9, 1937, were paid by the check of the insured dated January 7, 1938, which check was cleared through the Federal Reserve Bank at Dallas on January 12, 1938, two days after the expiration of the grace period. The quarterly premiums that matured on March 9, 1938, were paid by check of the insured, dated April 8, 1938, and was cleared through the Federal Reserve Bank on the 13th of April, 1938, which was three days after the expiration of the grace period. The January check above was actually paid by the bank on which it was drawn on January 13th, three days after the expiration of the grace period; and the April check above was actually paid on the 14th day of April, four days after the expiration of the grace period. The plaintiff introduced evidence to show that the check for the amount of the premiums was actually drawn by the insured on the 9th day of July, 1938, payable to defendant company for the amount of both premiums, and that it was deposited in the mail at Whitney, Texas, approximately 75 miles from the home office. The defendant offered detailed testimony showing the way in which its mail was handled. The record discloses that the postal authorities at Dallas securely tied defendant's mail in packages and delivered it to defendant's employee, who placed it in a sack and carried it to the home office where it was carefully opened and inspected under the supervision of the head of the premium accounting department. Checks received were clipped to the envelopes in which they came and these checks were registered in a book before

the envelopes were taken off. The pages in this book were dated for each day's receipts and contained the number of the policy, the date of the check, and the name of the person signed to the check. These records were then checked with the premium cards of the company before the checks were turned over to the cashier. The records of the company from June 10th to July 18th, 1938, inclusive, disclosed that the company did not receive any check or cash from the assured. According to defendant's testimony, the envelope bearing the check was never received by the defendant company. The evidence was uncontradicted to the effect that defendant accepted checks to apply on premiums and issued its receipt, with the understanding that if the check was not paid the receipt was a conditional receipt.

■■■ Assignment of error No. 2 contends, in effect, that the evidence adduced failed to show that the quarterly premiums maturing June 9, 1938, were paid in advance at the home office, a requirement of the contract between the parties, and further that the evidence wholly failed to show that said premiums were paid within the grace period of the thirty-one days, and that there was no evidence that the premiums were paid at all and that the policies lapsed according to the terms of the contracts. Much has been written on the point at issue. In Texas the rule seems to be that "where the insurance company authorizes remittances of the premium by mail, that the payment is made when the letter containing the remittance is deposited in the post office." Travelers' Protective Ass'n v. Roth, Tex.Civ.App., 108 S.W. 1039, point page 1042. The plaintiff plead that the insurance company waived the provisions of the policies which provided for the payment of the premiums in advance at the home office of the defendant, and had authorized the insured to make payment of the premiums by sending his personal check through the mail. The record discloses that the two previous payments of the premiums had been made by check drawn by the insured on the bank at Whitney, and that each of these checks were received and accepted by the company, and that payment of these checks in each instance was actually made by the bank on which they were drawn after the grace period in each instance had expired. Our Supreme Court, in the case of Equitable Life Assurance Ass'n v. Ellis,

105 Tex. 526, 147 S.W. 1152, 1157, said: "The waiver was completed by the act or conduct of the company that constituted it." But the insurance company contends, in effect, that since it has fully accounted for the way its mail was received, and since defendant's evidence discloses that the envelope containing the check was not received by it, plaintiff's evidence merely raised the presumption of its receipt and that, under all the evidence, this presumption vanished. The rule in Texas is that where it is affirmatively shown that a letter, communication or notice has been properly stamped and addressed to a party, a presumption of fact arises that it was received by such party, and evidence of such mailing will support a finding of such receipt. Davis v. Petroleum Cas. Co., Tex.Civ.App., 13 S.W.2d 981, point page 982. Moreover, it has been held that "the presumption of the receipt of a letter from proof that it was mailed * * * does not stand merely until evidence comes in to then disappear. It continues as evidence, to be considered in the light of all the facts and circumstances adduced on the trial and to be given such weight as the triers think it entitled to in determining the fact at issue, whether the mailed letter was received." Atlantic Dredging & Construction Co. v. Nashville Bridge Co., 5 Cir., 57 F.2d 519, point 4, page 521; Rosenthal v. Walker, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395; East Texas Fire Ins. Co. v. Perkey, 89 Tex. 604, 35 S.W. 1050; Western Union Tel. Co. v. McDavid, 103 Tex. 601, 132 S.W. 115, page 116; American National Life Ins. Co. v. Callahan, 125 Tex. 222, 81 S.W.2d 504; Roberts v. Wichita Southern Life Ins. Co., Tex.Com.App., 221 S.W. 268; Hartford Life & Annuity Ins. Co. v. Eastman, 54 Neb. 90, 74 N.W. 394; Wichita Valley Ry. Co. v. Davis, Tex.Civ.App., 275 S.W. 169, writ refused. We think, under the above authorities, the evidence was sufficient to raise a fact issue, and therefore the foregoing assignment must be overruled.

■■■ The first assignment of error complains of the failure of the trial court to sustain general demurrer to plaintiff's original petition and her first supplemental petition. Each of the policies provided that the policy was the entire contract between the company and the insured, and each further provided: "Premiums are payable in advance at the home office of

the company or to any designated collector upon delivery of a receipt signed by the president or secretary of the company and countersigned by said collector." Defendant contends that, in order for plaintiff to recover, she would be required to allege and prove the payment of the premiums in accordance with the stipulations in the policies and failure to make such allegations renders the pleading subject to a general demurrer. Defendant further contends that the general allegation as to payment in plaintiff's original petition is destroyed by the amendment in the plaintiff's supplemental petition, wherein plaintiff alleges the method of payment, and that such allegations fail to show that payment of the premiums was actually made, but that a check was mailed to defendant which should have been received by defendant within the grace period. Paragraph 3 of the plaintiff's original petition alleged, in substance, that the insured complied with the contract of insurance, and that he paid in advance on each and every quarter the premiums that he had contracted and obligated himself to pay. Defendant's amended answer, among other things, contained a general demurrer to the plaintiff's original petition, and which answer specially denied paragraph 3 of plaintiff's original petition and averred that the policies in suit, prior to the date of the death of the insured, were forfeited by reason of the failure of the insured to pay the quarterly premiums that matured on June 9, 1938, and within the thirty-one days of grace provided for in the policies. Plaintiff filed what she denominated her first supplemental answer to the defendant's amended answer, in which plaintiff alleged, in substance, that defendant had, by custom well established between defendant and insured, authorized him to make payment of the premiums by check deposited in the United States mail, and that the insured, relying on the custom and on defendant's letter of July 5, 1938, drew check for the amount of the premiums due on the policies in suit and deposited same in the mail on July 9, 1938, in the postoffice at Whitney, Hill county, Texas, and that same should have been received in due course of mail by defendant on July 10, 1938, which was a legal holiday and which date was within the grace period, and that the defendant had waived the provisions of the policies as to the payment of the premiums at the home office, and that it was estopped to deny that the policies had been forfeited for non-payment of premiums. The record fails to show that the defendant filed any pleading in answer to the above pleading filed by the plaintiff; however, the record does show that the court overruled the defendant's general demurrer to the plaintiff's original petition and the plaintiff's first supplemental petition. The question therefore arises, did the trial court err in its failure to sustain the general demurrer contained in the defendant's amended pleading? The general rule is that the petition on which plaintiff goes to trial must contain all of the affirmative grounds on which a recovery is sought, and that any omission or error in this respect can not be supplied by a supplemental petition. St. Louis S. W. Ry. Co. of Texas v. Larkin, Tex.Civ.App., 34 S.W.2d 693, point page 698. However, there is an exception to the general rule to the effect that, in the absence of an exception, the supplemental petition may be considered as an amendment to the cause of action as alleged in the original petition. See: Citizens Mutual Life & Accident Ass'n of Texas v. Ragle, Tex.Civ.App., 81 S.W.2d 264; Crow v. First National Bank of Whitney, Tex.Civ.App., 64 S.W.2d 377, 378; Glenn v. Dallas County Bois D'Arc Island Levee Dist., 114 Tex. 325, 268 S.W. 452, 453. We believe that this record brings this case within the exception announced in the foregoing decisions, and, for that reason, we overrule the above assignment.

 The third assignment of error complains of the action of the trial court in the admission of certain declarations made by the insured out of the presence of the opposite party. These declarations fall within two groups. In the first group we have a conversation between deceased and his wife on the morning of July 8, 1938, wherein he stated that he did not have sufficient money to take care of the insurance premiums in question and that it would be necessary for him to sell a calf in order to get the money to pay the premiums, and the conversation that deceased had with his brother on the same day, wherein the deceased said, in effect, that it was necessary for him to go to Hillsboro to sell a calf to get money to pay the insurance premiums. In the second group we have declarations made by deceased to various other witnesses on July 9, 1938, to the effect that he had written a check payable to the defendant for the

amount of the insurance premiums on the policies in question and had mailed it to the defendant. We have carefully considered the evidence complained of and the authorities cited, and we are inclined to believe that the declarations are admissible under the authority of Prater v. Traders & General Ins. Co., Tex.Civ.App., 83 S.W.2d 1038. It is true that the declarations made by the deceased on July 8th. were made several hours prior to the time the evidence disclosed that the insured drew the voucher for the premiums and deposited same in the mail, but it occurs to us that such declarations were statements made by him in a natural manner with reference to the purpose of his efforts to carry out his mission and would be a circumstance to indicate that the insured was definitely engaged in complying with the company's letter of July 5th to make remittance to it for the amount of the premiums. Moreover, we think the declarations complained of became harmless due to the fact that the defendant adduced testimony by one of its assistant executive officers who testified to a conversation he had with Mrs. Greenwade, the plaintiff, after the death of her husband, at his office in Dallas, Texas, wherein he quoted Mrs. Greenwade as saying to him, " 'I am positive that Mr. Greenwade did send in that payment.' She didn't tell me whether it was in cash or by check, but she said he had mailed it, said the reason she knew that was that he had sold—the last day of grace was on the 9th, I believe —that he had sold some hogs or a calf or something like that, to get the money to pay this premium and that he told someone on the street that he had paid his policy up for another three months and had gone to the postoffice and mailed in the amount necessary." The case was tried before the court without a jury, and if there was error in the admissions of any of the declarations complained of, we do not believe it would be such error as would require a reversal of the case. We think the declarations complained of come under the general rule that when a cause is tried before the court without a jury, the admission of illegal evidence is not cause for reversal when there is sufficient legal testimony to justify the court's finding. See Schleicher v. Markward, 61 Tex. 99, point page 102; Ferguson v. Ferguson, Tex.Com.App., 23 S.W.2d 673. We think the evidence is sufficient to support the judgment. This assignment is overruled.

 Defendant complains of the action of the trial court in permitting plaintiff to re-open the case and adduce evidence after the plaintiff and defendant had rested and after all parties had submitted their written briefs and argument. The motion to re-open the case was granted about thirty days after the original hearing and the court permitted plaintiff to prove that the insured made a deposit in the bank (on which the check was drawn) on the 12th day of July, 1938. Article 2181 of our Revised Civil Statutes, 1925, is controlling on this question. Our courts have uniformly held that this statute is necessarily directory, and a party complaining of its infraction, in order to obtain a reversal of the judgment, must show that he has been injured. Prescott-Phoenix Oil & Gas Co. v. Gilliland Oil Co., Tex.Civ.App., 241 S.W. 775; Texas & Pac. Ry. v. Smith, Tex.Civ.App., 115 S.W.2d 1238, points 4 and 5, page 1242; Western Union Telegraph Co. v. Roberts, 34 Tex. Civ.App. 76, 78 S.W. 522, writ refused. We have carefully considered this assignment, and, in our opinion, the defendant has not been deprived of a substantial right, the trial court has not abused its discretion, and the defendant has in nowise been injured. Moreover, the defendant gave its consent to the trial court to interrogate the witness, who testified to the effect that the insured had on deposit in the bank in question on July 12, 1938, the sum of $22.74 and that if a check for $8.92 had been presented on that day, it would have been paid. This assignment is overruled.

Each of the remaining assignments have been considered and each is overruled.

The judgment of the trial court is affirmed.