[No. 1545, June 16, 1913.]

THE FEDER SILBERBERG CO., Plaintiff in Error, v. LeMAR McNEIL, et al., Defendants in Error.

### SYLLABUS (BY THE COURT)

1. Proof that "demand was made by mail" implies a prepayment of postage and a deposit of the demand in a United States postoffice, but that the letter was properly addressed to the addressee at the place where he resides or receives his mail is not thereby implied, and proof of that fact must be had before the receipt of the letter by the addressee, will be inferred.

P. 49

2. Where a surety on a fidelity bond undertakes to respond upon condition that demand be first made upon the

Silberberg Co. v. McNeil, 18 N. M., 44.

principal, such demand is a part of the contract and must be alleged and proved.

P. 52

Error to the District Court for the County of Santa Fe, Edmund C. Abbott, District Judge; affirmed.

WILSON, BOWMAN AND DUNLAVY, Santa Fe, N. M., for plaintiff in error.

1. Court erred in holding that it was necessary to prove the incorporation of the plaintiff. Clark & Marshall Corporations, sec. 83, p. 262, vol. 1, (1903); Id., sec. 84; Seattle Crockery Co. v. Haley, et al., 6 Wash. 302; Tragdon v. Cleveland Stone Co., 53 Ill. App. 206; Hassinger v. Ammon, et al., 160 Pa. St. 245 (suretyshop bond); City of St. Louis v. Shields, et al., 62 Mo. 247 and cases cited therein; Loaners Bank v. Jacoby, 10 Hun. (N. Y.) 143, (forthcoming bond); Jeff v. McCarthy, 44 Minn. 26.

2. Court erred in holding that there was no sufficient proof of demand upon the defendant, McNeil, under the conditions of the bond. Butchers and Drovers Bank v. De Groot, 43 N. Y. Sup. Ct. (11 Jones & S.) 341, 344; Pier v. Heinrichshoffen, 67 Mo. 163, 169, 29 Am. Rep. 501; cited in Rolla State Bank v. Pezoldt, 69 S. W. 51, (95 Mo. App. 404); Faulkner v. Faulkner, 73 Mo. 327, (holding notice of protest properly given by proof that the same was mailed); Ward v. D. A. Morr T. & S. Co., 119 No. App. 83, 95 S. W. 964; Flint, et al., v. Kennedy, 33 Fed. Rep. 820; Providence Sav. L. Assur. Soc. v. Nixon, 19 C. C. A. 414, 44 U. S. App. 316, 73 Fed. 144; Rolla State Bank v. Pezoldt, 95 Mo. App. 404, 69 S. W. 51; Oregon Steamship Co. v. Otis, 100 N. Y. 446, 3 N. E. 485; Schutz, et al., v. Jordan, 141 U. S. 213, 35 L. Ed. 705; Rosenthal v. Walker, 111 U. S. 185, 28 L. Ed. 216; Williamson v. Seeley, 48 N. Y. Supp. 195, 22 N. Y. App. Div. 289; Thompson v. Whitney, 20 Utah 1, 8; Cox v. Delmas, 99 Cal. 104; Parrott v. Byers, 40 Cal. 614; 9 Am. & Eng. Enc. Law (2nd Ed.) 111, p. 209, 211-14; Jenks v. School Dist., 18 Kans. 356; Davis v. Wells, 104 U. S.

159, 26 L. Ed. 686; Ward v. Wilson, 100 Ind. 52, 50 Am. Rep. 763; Simons v. Steele, 36 N. H. 73.

Court erred in holding that there was no sufficient proof of the existence, execution, loss and contents of the original bond to permit the introduction of secondary evidence of the bond. 3 Enc. Ev., p. 344-3.

Court erred in holding that it was necessary for plaintiff to prove affirmatively that the goods were not consumed by fire. Canfield v. Tobias, 21 Cal. 349; Scottish Nat. Ins. Co. v. Wuslerhousen, 75 Ill. App. 283, and cases cited; Maxwell v. Bodcaw L. Co., 79 Ark. 490, 96 S. W. 152, 116 Am. St. Rep. 92; Board Co. Commrs. v. Keene, etc., 108 Fed. 505 and 515; Birmingham Ry. v. Moore, 148 Ala. 115, 42 So. 1024; Alling v. Forbes, 68 Conn. 575, 37 Atl. 390; Kerr v. Topping, 109 Iowa 150, 80 N. W. 321.

Court erred in holding that there was no sufficient proof of delivery of the bond. 4 A. & E. Enc. Law (2nd Ed.) 624; Blankman v. Vallejo, 15 Cal. 645; Newlin v. Beard, et al., 6 W. Va. 110; Ward, et al., 35 Conn. 161; Keedy v. Moats, 72 Md. 329; Edelin v. Sanders, 8 Md. 118; Grim v. School Directors, 51 Pa. St. 219; 2 Enc. Ev. 567-3; 38 Cyc., 1543, note 67 and cases cited; 38 Cyc., 1544, note 72 and cases cited; 38 Cyc., 1543, note 69 and cases cited; 38 Cyc., 1567, note 96 and cases cited; Snydan v. Williamson, 15 L. Ed. 981, (U. S.)

RENEHAN & WRIGHT, Santa Fe, N. M., for defendants in error.

There was a complete failure of proof as to demand upon LeMar McNeil. 32 Cyc. 73 and cases cited; Providence Savings Life Ass. Society v. Nixon, 73 Fed. 144; 32 Cyc. 176; Folsom v. Squire, 72 N. J. L. 430, 60 Atl. 1102; Nelson v. Bostwick, 5 Hill (N. Y.) 37; Douglass v. Rathbone, 5 Hill (N. Y.) 143; Florsheim v. Palmer, 99 Ill. App. 559; 20 Utah 1-8.

There was no sufficient proof of loss under the bonds as against the sureties thereon. Stearns Law of Suretyship, sec. 153.

Fourth assignment of error is insufficient in law. Mogollon v. Stout, 14 N. M. 245, 91 Pac. 724; Territory v. Cordova, 11 N. M. 367, 68 Pac. 919.

Reply brief for defendant in error.

Loss of bond. Oil Co. v. Van Etton, 107 U. S. 333, bottom of page 2 and cases cited; Elliott on Ev., vol. 3, sec. 1608; Gillett v. Chavez, 12 N. M. 353, 78 Pac. 68.

The undertaking of a surety is accessory to that of his principal. Evans v. Kneeland, 9 Ala. 42.

Account stated cannot be questioned. White Sewing M. Co. v. Fargo, 51 Hunt. 636, 3 N. Y. S. 494; Davis v. Kingsley, 13 Conn. 285; Lasater v. Purcell M. & E. Co., 54 S. W. 425, 22 Tex. Civ. App. 33.

Secondary evidence. Burnham v. Wood, 8 N. H. 334.

## OPINION OF THE COURT.

PARKER, J.—This is an action brought by plaintiff in error against defendants in error to recover the penalty of a bond executed by them to the plaintiff to secure the fidelity of LeMar McNeil as an employee of the plaintiff. The provisions of the bond in so far as they are deemed pertinent to this inquiry, are as follows:

"The condition of the above obligation is such that, whereas, the said LeMar McNeil is about to enter into the employment of the said Feder Silberberg Company, and while in such employment will be entrusted by them with merchandise to be used by him as samples in the course of his said employment as salesman for the said Feder Silberberg Company.

"Now, if the said LeMar McNeil shall account for all samples entrusted to him as aforesaid and deliver same in good condition to the said Feder Silberberg Company upon their demand, except such as may have been destroyed by fire, then this obligation shall be void and of no effect, etc."

At the conclusion of the evidence for plaintiff, defendants demurred to the evidence and moved for an instruction, and the court directed a verdict for defendants. In announcing his decision the court said:

"I do not believe that there is legal or sufficient proof in this case on the execution of the bond, the delivery of the bond, the demand upon this party, or the question of the corporate capacity, to sustain a verdict. I think this deposition fails in many respects to be as convincing and clear as it ought to be, and that being the only testimony in the case, I feel obliged to sustain the motion."

Counsel for defendants rely, in support of the judgment, principally upon the proposition that there was a failure of proof of the demand upon said LeMar McNeil for the return of the samples delivered into his custody. The evidence upon the subject is contained in a deposition, the same being the only evidence upon the subject, and is as follows:

"Interrogatory 16. If your answer to interrogatory 14 was in the negative, state whether or not demand was ever at any time made upon said LeMar McNeil by the plaintiff herein, for an accounting or return of any samples or merchandise furnished by said plaintiff to said McNeil and the result of said demands.

"Answer. A demand was made by mail upon Mr. McNeil by plaintiff herein, for an accounting and for return of the samples and merchandise furnished him by said plaintiff, but no response was made by Mr. LeMar McNeil to any such demand. No letters of the plaintiff were ever answered by the said McNeil since shortly before May 1st, 1905, when he requested that we advance him $25 on account of commission."

Objection to this evidence was interposed on the ground that the answer failed to show that the demand was securely enclosed in a postpaid envelope addressed to the last known address of McNeil. In the motion for an instruction the object of this evidence is as follows:

"That there is no sufficient or legal proof that demand was made upon the defendant, LeMar McNeil, for any accounting or return of samples, as required in the bond."

It thus appears that the objection to the evidence is not because it is not the best evidence, but because of a faulty showing as to the mailing of the demand.

Counsel for plaintiffs in error argued that from the statement "a demand was made by mail" upon said Mc-Neil for a return of the samples, there is implied the performance of all of the acts necessary to effectuate that result, including the enclosing of the demand in a properly addressed and stamped envelope and posting the same in a postoffice of the United States.

They cite a number of cases, among which are the following: Bank v. DeGroot, 43 N. Y. Sup. Ct. 341, 344; Pier v. Henrichs Hoffen, 67 Mo. 163, 169; Bank v. Pezoldt, 69 S. W. 51; Ward v. Storage Co., 119 Mo. Ap. 83; Faulkner v. Faulkner, 73 Mo. 327; Providence Savings, etc.; Society v. Nixon, 73 Fed. 144; Oregon Steamship Co. v. Otis, 100 N. Y. 446, 450; Schutz v. Jordan, 141 U. S. 213; Rosenthal v. Walker, 111 U. S. 185; Williamson v. Seeley, 48 N. Y. S. 196.

An examination of these cases will disclose that they fail to support the doctrine claimed for them by plaintiff. They hold, with a single exception, to be hereafter noticed, that the word "mailed" implies a preparation of a notice or demand for carriage by the United States mail authorities, but none of them, with the exception noted, hold that a proper address of the letter is implied from the allegation of mailing. The exception to the general rule, hereinbefore mentioned, is the case of Ward v. Storage Co., 119 Mo. Ap. 83.

In that case the doctrine announced is broader than the question involved therein. The plaintiff testified that she "sent" defendant her address, and it did not appear whether it was sent by messenger conveying words, or carrying a written communication, or whether it was by letter duly mailed. In that case the court said:

"It will be observed that the evidence of notice to defendant of plaintiff's address is not direct or positive evidence, it is rather made to depend upon a presumption that in regular course, letters are received by addressees. In order to lay a foundation for such presumption, it should be shown that the letter was duly addressed, stamped and deposited in the postoffice or place for the re-

ceipt of letters. That, however, is made to appear sufficiently by evidence that it was "mailed" to the addressee. That a letter to be properly 'mailed' to a person, must be addressed, stamped and deposited in a proper place for the receipt of mail, and therefore the general statement that a letter was mailed will be sufficient."

It thus appears that the court of Missouri was not called upon to define what was meant by and included in the word "mailed."

In all of the other cases cited the word "mailed" is held to include only the proper stamping and depositing in a United States postoffice of the letter. The true rule seems to be stated by Mr. Chamberlayne as follows:

"That the inference of receipt from mailing should arise it is essential that the mail matter should be properly posted. This in turn, involves compliance with certain familiar conditions:—(a) the letter or article must be mailable matter and properly addressed; (b) the postage must be prepaid, so far as required by the postal regulations and (c) it must be actually deposited in the mail.

"Accordingly, no inference of receipt arises from mailing unless the letter or other article is shown to have been properly addressed to the person for whom it was intended, at the place of his residence and at the postoffice where he customarily receives his mail."
2 Modern Law of Evidence, Section 1058.

Mr. Wigmore states the rule as follows: "The fixed methods and systematic operations of this government's postal service have been long considered to be evidence of the due delivery to the addressee of mail matter placed for that purpose in the custody of the authorities. The conditions are that the mail matter shall appear to have conformed to the chief regulations of the service, namely, that it shall have been sufficiently prepaid in stamps, correctly addressed, and placed in the appropriate receptacle." 1 Wigmore on Evidence, sec. 95.

The rule is otherwise stated as follows: "Before the presumption of delivery or receipt of a letter arises it must appear that it was properly stampel ,directed to the

regular address of the addressee, and mailed. All of these facts must be shown, but a statement that a letter was mailed has been held to sufficiently show the prepayment of postage, the latter fact being included in the former." 9 Encyc. Ev. 900.

In Henderson v. Carbondale, etc., Co. 140 U. S. 25, it is said:

Mr. Justice Brewer speaking for the court: "This presumption, which is not a presumption of law, but one of fact, is based on the proposition that the postoffice is a public agency charged with the duty of transmitting letters; and on the assumption that what ordinarily results from the transmission of a letter through the postoffice, probably resulted in a given case. It is a probability resting on the custom of business and the presumption that the officers of the postal system discharged their duty. But no such presumption arises unless it appears that the person addressed resided in the city or town to which the letter was addressed; . . . . . ."

In Equitable Life Assurance Society v. Trommhold, 75 Ill. Ap. 43, the court refused to give the following instruction asked for by the defendant:

"The jury are instructed that the placing in the mail of an envelope properly stamped, is not even presumptive evidence of the receipt of the same unless the same was properly addressed, and even if the jury believe from the evidence that a notice was placed in an envelope properly stamped and placed in the mail, yet, unless the jury further believe from the evidence that the envelope was properly addressed to the person for whom it was intended, it is not even constructive notice, and may be wholly disregarded."

The court in considering this request for instruction said:

"This instruction should have been given and the refusal to give it was error."

On principle and in accordance with common experience it is perfectly apparent that the statement that a letter was mailed to a certain party necessarily includes only

such acts as are required by the postal authorities of the United States, namely, that a letter have some address and that it be properly stamped. Whether the letter is properly addressed so as to reach the addressee is a matter of no concern to the postal authorities, nor have they any information or interest in the matter. But in order to establish a set of facts from which an inference or a presumption shall arise that a given letter was received by a given addressee, it must not only appear that a letter was "mailed" but that it was properly addressed to the addressee at the place where he resides or receives his mail.

In the case at bar the record is entirely silent as to how the demand was addressed. So far as anything appears in the record the demand may have been addressed to any one of the thousands of postoffices in the United States, and McNeil, the principal in the bond sued on, may have never received the same. It therefore appears that there was no evidence of a demand upon him for a return of the samples of merchandise sufficient to support a verdict, and the court was correct in directing a verdict for the defendants in error.

Plaintiff in error argues that no demand was necessary in order to recover in this case, and cites numerous cases in support of the contention. None of these cases support the doctrine for which they are cited. The cases cited by plaintiff in error are to the effect that when the principal debtor discloses by his answer that he denies his obligation, or where the principal debtor has absconded so that no demand can be made upon him, and where no damage to the surety is shown by failure to notify him of the default of his principal, the necessity of a demand or notice prior to suit is dispensed with. In most, if not all, of the cases cited, the undertaking of the surety was unconditional. But that is not this case. The defendants in error in this case are sureties upon a fidelity bond, and undertook to pay only upon condition that demand be made upon their principal and that he fail to return the samples of merchandise entrusted to him. In such case a demand is a part of the cause of action of the

plaintiff and must be pleaded and shown. 32 Cyc. 176, n. 62; Folsom v. Squire, 72 N. J. Law, 430; Nelson v. Bostwick, 5 Hill, (N. Y.) 37, 40 A. D. 310.

In Nelson v. Bostwick, supra, it is said, per Bronson. J.:

"When a party agrees to pay his own debt on request, it is regarded as an undertaking to pay generally, and no special request need be alleged. But it is otherwise, when he undertakes for a collateral matter, or as a surety for a third person. There, if the agreement be that he will pay on request, the request is parcel of the contract, and must be specially alleged and proved." (Citations . . . . .) "Here there was no precedent debt or duty upon Nelson. He was a surety and becoming so he had a right to make his own terms. The condition of the bond is that Shumway, the principal debtor, shall pay on demand. The demand is parcel of the contract, and is in the nature of a condition precedent to a right of action on the bond. As no demand of the costs from Shumway was proved, there was no breach of the condition, and no right of action had accrued on the bond." . . . . . .

Numerous other points are argued by plaintiff in error, but the one already discussed lies at the foundation of its cause of action and the failure of proof in that regard is fatal to its recovery. The other propositions advanced will therefore not be considered.

The judgment of the court below will, accordingly, be affirmed, and it is so ordered.