## WICHITA VALLEY RY. CO. v. DAVIS.
### (No. 1760.)

(Court of Civil Appeals of Texas. El Paso.
June 4, 1925. Rehearing Denied
June 25, 1925.)

**1. Appeal and error ⊕⇒499(1), 544(1)—Failure to file conclusions of law and fact not reviewable in absence of bill of exceptions or showing that request therefor made.**

Trial court's failure to file findings of fact and conclusions of law is not reviewable, where record contains no bill of exceptions in respect thereto, and no showing that request for separate findings and conclusions was made.

**2. Carriers ⊕⇒218(3)—Notice or filing of claim not condition precedent to action for damages by delay and negligent handling of cattle in transit.**

In view of Act Cong. March 4, 1915, § 1, as amended by Act Cong. Feb. 28, 1920, §§ 436–438 (U. S. Comp. St. Ann. Supp. 1923, § 8604a), in an action against carrier for damages to cattle caused by delay and careless and negligent handling in transit, neither notice nor filing of claim is required as condition precedent to recovery.

**3. Evidence ⊕⇒71, 89—Testimony that letter was forwarded through due course of mail raised presumption that it was received; denial of receipt of letter which witness testified was forwarded through due course of mail merely raises issue of fact.**

Testimony of plaintiff's attorney, that letter to carrier's agent, notifying him of claim for damage to cattle, was forwarded through due course of mail, raised presumption that letter

was received by such agent, and agent's denial of its receipt merely raised issue of fact, which was for decision of jury, or court in cases tried without jury.

**4. Evidence ⬉71—That letter forwarded through "due course of mail" imports that it was properly addressed, stamped, and deposited in mail.**

Testimony of plaintiff's attorney, that he forwarded letter addressed to carrier's agent notifying him of claim for damage to cattle "through due course of mail," imports that letter was properly addressed, stamped, and deposited in mail.

**5. Carriers ⬉228(5)—Causal connection between shopmen's strike and delay in shipment held not sufficiently shown.**

It being incumbent on carrier in suit against it for damages to cattle through alleged negligent delay in transit to show that delay in transportation was proximately caused by strike, evidence that shopmen's strike began three months before shipment in question, but not showing to what extent it affected movement of trains, does not sufficiently show causal connection between strike and delay.

Appeal from District Court, Haskell County; Bruce W. Bryant, Judge.

Action by J. C. Davis against the Wichita Valley Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Ratliff & Ratliff, of Haskell, and Thompson, Barwise & Wharton, of Fort Worth, for appellant.

W. H. Murchison and Tom Davis, both of Haskell, and Theodore Mack, of Fort Worth, for appellee.

HIGGINS, J.   The appellee sued the appellant to recover damages alleged to have accrued to him by the negligence of appellant in the transportation of a shipment of cattle from Sagerton, Tex., to Kansas City, Mo., on October 10, 1922. The usual allegations of careless and negligent operation of the train and unreasonable negligent delay in transit were made.

The defendant answered by a general denial and two special pleas: (1) A stipulation in the bill of lading releasing the carrier from any injury or loss caused by delay in transportation due to strikes, and that at the time of the shipment the "shop craft strike" was in progress, and the delay was caused thereby.   (2) A failure to give notice in writing within 91 days of the alleged losses, injuries and delays for which the damages were claimed as required by the bill of lading.

By supplemental petition the plaintiff alleged he gave the notice as required by the bill of lading.   The case was tried without the aid of a jury and judgment rendered in favor of Davis for $869.

[1] Appellant complains of the failure by the trial court to file findings of fact and conclusions of law. The record contains no bill of exception with respect to this matter. There is nothing in the record to even show that a request was made of the court to file separate findings and conclusions. In this state of the record, this matter presents no error which can be reviewed. Trippett v. Nash McLarty Motor Co. (Tex. Civ. App.) 269 S. W. 205.

[2] As to those assignments and propositions relating to the alleged failure to give the notice within 91 days as stipulated in the bill of lading, this matter presents no error, for the reason that the action is for damages caused by delay and careless and negligent handling in transit, and in such cases no notice nor filing of claim is required as a condition precedent to recovery. Act of Congress of March 4, 1915 (1916 Supplement Federal Statutes Annotated, pp. 124, 125), and amendatory act of February 28, 1920 (U. S. Comp. St. Ann. Supp. 1923, § 8604a).

[3] Furthermore, there is evidence to support the finding that such notice was in fact given. This is shown by the testimony of Judge Murchison, attorney for appellee, to the effect that when the claim was placed in his hands for collection he "immediately wrote a letter to the local agent at Sagerton, notifying him of the claim and the amount, and forwarded it through due course of mail, and I retained a carbon copy of it." The copy referred to by the witness shows the letter was dated December 15, 1922, and addressed to the local agent of appellant at Sagerton, Tex. Appellant's agent at Sagerton denied that the letter was received by him, and under some authorities such testimony destroys the presumption arising in such cases. But the weight of authority and the better view is that such denial merely raises an issue of fact which is for the decision of the jury, or the court in cases tried without a jury. Rosenthall v. Walker, 111 U. S. 185, 4 S. Ct. 382, 28 L. Ed. 395; Huntley v. Whittier, 105 Mass. 391, 7 Am. Rep. 536; Southern, etc., v. Vaughan, 98 Ark. 388, 135 S. W. 913, Ann. Cas. 1912D, 1062, and other cases cited in notes 4 Ann. Cas. 956, and 49 L. R. A. (N. S.) 468. This is the rule which prevails in this state. Insurance Co. v. Fields (Tex. Civ. App.) 26 S. W. 280; Pink Front Bankrupt Store v. Mistrot & Co., 40 Tex. Civ. App. 375, 90 S. W. 75; Opet v. Denzer (Tex. Civ. App.) 93 S. W. 527.

[4] But in this connection appellant asserts that the evidence was insufficient to raise the presumption that the letter was received in due course of mail by the addressee, because the witness did not in terms testify that it was properly addressed, stamped, and deposited in the post office. The witness testified he "forwarded it through due course

of mail." The plain and necessary import of this testimony is that the, letter was properly addressed, stamped, and deposited in the mail. Southern, etc., v. Vaughan, supra; Feder Silberberg Co. v. McNeill, 18 N. M. 44, 133 P. 975, 49 L. R. A. (N. S.) 458, and other cases cited in note. ·

The only remaining question presented arises upon the contention that the delay in transportation was caused by the shopmen's strike and for the damage resulting from such delay the appellant is relieved of liability by the provision in the bill of lading to that effect.

[5] The shipment left Sagerton on October 11th, at 4 a. m., moving over appellant's line to Wichita Falls where it was delivered to a connecting carrier. It arrived at destination at 1 p. m. on Sunday, October 15th, and the cattle were sold the next day. The usual time 'for the transportation of such a shipment from Sagerton to Kansas City is between 50 and 60 hours. It thus appears there was an unusual delay in transportation of about 48 hours. There is evidence of some rough handling, but it is manifest the major portion of the damage was caused by the length of time consumed in transit. It is shown that the shopmen's strike began July 1, 1922, which was more than three months prior to the time of the shipment. It affected the rolling stock of the lines of appellant and the connecting carriers over which the shipment moved, and affected the movement of trains; but to what extent it does not appear. The evidence shows the strike has never been called off, and is still formally in effect.

It was incumbent upon appellant to show that the delay in transportation was proximately caused by the strike. Railway Co. v. Baldwin (Tex. Civ. App.) 270 S. W. 1089. We think the causal connection between the strike and the delay is not sufficiently shown by the evidence, and this court should not set aside the finding of the trial court thereon, which, in the state of the record, it must be assumed was decided adverse to the appellant.

Affirmed.