## LUMBERMEN'S RECIPROCAL ASS'N v. HENDERSON et al. (No. 1624.)

Court of Civil Appeals of Texas. Beaumont. Jan. 5, 1928.

Rehearing Denied Jan. 11, 1928.

1. **Master and servant** ⊝417(4½)—**Evidence of mailing and receipt of registered letter containing notice of appeal held to show timely notice to Industrial Accident Board.**

Where decision of Industrial Accident Board refusing to reopen claim for compensation was made July 2d, evidence that registered letter containing notice of appeal was mailed July 21st, and would in due course of mail arrive at board's post office early July 22d, held to show notice to board within 20 days from ruling appealed from, regardless of board's notation thereon that notice was received July 26th; such notation not being entitled to presumption of correctness as official act because not required by law.

2. **Evidence** ⊝71—**That letter properly addressed and posted in United States mail reached addressee in due course will be presumed, in absence of contrary evidence.**

On showing that letter placed in United States mail was properly addressed and posted, that it reached addressee in due course of mail will be presumed, in absence of evidence to contrary.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Proceeding under the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) by Sylvester Henderson, opposed by the Lutcher & Moore Lumber Company, employer, and the Lumbermen's Reciprocal Association, insurer. From a decision of the Industrial Accident Board refusing to reopen the proceeding after having approved a compromise and settlement agreement, the claimant appealed to the district court, and, from its judgment setting aside the decision of the Industrial Accident Board, the insurer appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Dies, Stephenson & Dies, of Orange, for appellees.

HIGHTOWER, C. J. This is an appeal from a judgment of the district court of Orange county, setting aside a ruling and final decision of the Industrial Accident Board of this state which was adverse to the appellee.

The facts upon which the judgment rests may be briefly stated as follows: The appellee Sylvester Henderson, on the 13th day of January, 1925, was an employee of the Lutcher & Moore Lumber Company in Orange county, and on that day, while in the performance of his duties and acting within the scope of his employment, he sustained an injury. Lutcher & Moore Lumber Company carried insurance covering its employees, including appellee, and appellant here, Lumbermen's Reciprocal Association, was the insurer. Appellee made claim for compensation in due time after his injury, and appellant recognized the claim and paid him compensation for some period of time, amounting in the aggregate to $391.88. Thereafter what purported to be a compromise settlement and agreement was filed with the Industrial Accident Board of this state, by the terms of which appellant agreed to pay appellee $111.38, as compensation in full for all injuries sustained by him, and took a receipt releasing appellant for all such injuries. This purported compromise settlement and agreement was, after due notice, heard and acted upon by the Industrial Accident Board, and it was approved by the board. Thereafter, and within the compensation period, appellee filed his application before the board praying that this purported compromise settlement and agreement be set aside and his claim for compensation reopened, on the ground that the purported compromise settlement and agreement had been obtained by fraud, deceit, and misrepresentation. The board in due time heard this application to reopen and refused it, and entered its final ruling and decision accordingly. Within 20 days after that final ruling and decision, appellee gave notice to appellant by registered mail, which appellant admits, that he was unwilling to abide by the board's ruling and decision refusing to reopen his claim, and that he would file suit in a court of competent jurisdiction within proper time to set the ruling and decision aside. The ruling and decision of the board refusing to reopen appellee's claim was made July 2, 1926.

This suit was filed by appellee in the district court of Orange county August 9, 1926, and in due time appellant filed its answer, consisting of a general demurrer and general denial. Seven months later, and upon the day of the trial, appellant filed an amended answer, containing a plea to the jurisdiction of the district court on the ground that notice was not given to the Industrial Accident Board by appellee within 20 days after the board's final ruling and decision refusing to reopen his claim, that he was unwilling to abide by the ruling and decision, and that he would file suit to set it aside. Appellant contends that no notice of appellee's dissatisfaction was given to the Industrial Accident Board until the expiration of 24 days after its final ruling and decision, which he attacks by this suit.

The case was tried with a jury upon special issues, all of which were answered in appellee's favor, and the findings of the jury

are not questioned in any way in this court, nor is any question made upon the verdict or judgment, with the exception that the district court did not have jurisdiction to hear the case because notice of dissatisfaction on appellee's part was not given to the Industrial Accident Board within 20 days after the board's ruling and decision, which is attacked by this suit.

Upon conclusion of the testimony in the trial court, appellant renewed its plea to the jurisdiction, and also requested a peremptory instruction in its favor, both of which were refused and exception properly saved.

The one proposition presented by appellant in this court is that the trial court was without jurisdiction to hear this case and should have dismissed it, or should have instructed the jury peremptorily in its favor.

[1] Counsel for appellee make the point by counter proposition that appellant waived its plea to the trial court's jurisdiction by answering to the merits of the case as it did, without first formally pleading to the court's jurisdiction. Counsel for appellee make other interesting counter propositions, but, in the view we take of this case, it is unnecessary to decide these questions, and we shall proceed to dispose of this appeal by deciding a question of fact alone, and that is, "Was notice given to the Industrial Accident Board by appellee of his dissatisfaction with its final ruling and decision against him within 20 days after that ruling was made?" The evidence bearing upon this issue is substantially without dispute, and is as follows: -

As we have shown, the board's final ruling and decision of which complaint is made by appellee was entered July 2, 1926. The undisputed evidence in this case shows that one of the attorneys for appellee on July 21, 1926, at 12:30 p. m., mailed at Orange, Tex., a letter containing written notice to the Industrial Accident Board at Austin, Tex., that appellee was dissatisfied with the board's ruling and decision against him, and that he would file suit in a court of competent jurisdiction in due time to set that ruling aside. This letter was registered, was addressed to the Industrial Accident Board at Austin, Tex., and left the city of Orange by mail the same evening about 7:20 o'clock. This fact was shown, not only by appellee's attorney, but by the postmaster at Orange, and it was further shown by the postmaster at Orange that the registered letter containing the written notice to the Industrial Accident Board in due course of mail between Orange and Austin reached Austin between 7 and 8 o'clock on the morning of July 22, 1926. There was no proof to the contrary of any probative force, as we understand this record. Appellant in no manner attempted to show that the Industrial Accident Board did not receive this registered notice on the morning of July 22, and the presumption is that

the board did receive this notice on the morning of July 22, 1926, which was within 20 days after its final ruling and decision against appellee.

[2] Whenever it is shown that a letter placed in the United States mail is properly addressed and properly posted, it will be presumed that it reached the addressee in due course of the mail, in the absence of evidence to the contrary. Midland Rubber Co. v. Waldman (Tex. Civ. App.) 246 S. W. 110, and authorities there cited. There being nothing in this record to overcome the presumption that the registered notice by mail sent from Orange to Austin did reach the Industrial Accident Board on July 22d, in due course of the mail between those points, we hold that the trial court was authorized to find, as he expressly did find, that due notice was given to the Industrial Accident Board within 20 days after its final ruling and decision in this matter of appellee's dissatisfaction therewith and of his intention to file suit to set it aside. There is no question but what this suit was filed within 20 days after the giving of notice to appellant and the Industrial Accident Board.

It is contended by able counsel for appellant, however, that there was evidence introduced upon the trial of this case which showed that appellee's notice to the Industrial Accident Board of his dissatisfaction with its ruling was not received by that board until July 26, 1926. Counsel bases this contention upon this fact alone, that at the bottom of the written notice in question to the board, which was introduced in evidence by appellee, there is found this notation: "(Industrial Accident Board. Received July 26, 1926. State of Texas.)"

Counsel for appellant contend that this notation at the bottom of the written notice shows conclusively that the Industrial Accident Board did not, in fact, receive the notice until July 26, 1926, which was more than 20 days after its final ruling and decision in this case. We cannot agree with this contention of counsel for appellant, for the reason that we have been unable to find anything in the statute governing the proceedings of the Industrial Accident Board requiring that board to make any notation showing when it received a notice, etc. In other words, this notation at the bottom of the notice, if made by the Industrial Accident Board, was not in contemplation of law an official act, and therefore it is not presumed that it was correctly made. Learned counsel for appellant admit, as we understand them, that there is no law requiring this notation by the Industrial Accident Board on this notice, but they do contend that it ought to overcome the presumption that should otherwise be indulged that this notice was received by the board in due course of mail. It is our opinion, that this mere notation, not

required or provided for by law, has no probative force, and that it should not be permitted to overcome the presumption that the Industrial Accident Board received appellee's notice of unwillingness, etc., within the 20-day period in which he was required to give it.

This results in an affirmance of the judgment.