## DAVIS v. PETROLEUM CASUALTY CO.
### (No. 754.)

Court of Civil Appeals of Texas. Waco. Jan. 31, 1929.

Rehearing Denied Feb. 28, 1929.

Frank C. Bolton, of Mexia, and Lewis M. Seay, of Groesbeck, for appellant.

C. S. & J. E. Bradley, of Groesbeck, and Knox W. Gilmore, of Houston, for appellee.

GALLAGHER, C. J. This suit was instituted by appellant, J. C. Davis, against appellee, Petroleum Casualty Company, to set aside a final ruling and decision of the Industrial Accident Board. Appellant claimed compensation for injuries alleged to have been sustained in the course of his employment by the Humble Pipe Line Company. Appellee was the insurance carrier. The case was tried to a jury. At the close of the evidence, appellee moved the court to instruct a verdict in its favor. One of the grounds asserted in said motion was that appellant had failed to prove the jurisdictional fact that he had given appellee notice that he was not willing and did not consent to abide by the final ruling and decision of said board disposing of his claim. The court granted appellee's motion, instructed the jury that appellant had failed to prove that he had given such notice, and directed them to return a verdict for appellee. The jury returned such verdict, and judgment was entered thereon that appellant take nothing by his suit.

### Opinion.

Appellant presents as ground for reversal the action of the court in so instructing a verdict against him. The final ruling and decision of the Industrial Accident Board on appellant's claim was made on September 15, 1926. Appellant introduced in evidence a certified copy of his notice to said board, stating that he was unwilling and did not consent to abide by the final ruling and decision thereof with reference to the disposition of his claim. Said notice was addressed to said board and also to appellee at Houston, Tex. It bore an indorsement that it was received by said board on September 21, 1926. Appellant's attorney testified affirmatively and positively that he mailed one duplicate original copy of said notice to said board and another such copy to appellee at Houston. He also testified that he mailed such notice within 20 days after the final ruling and decision of the board, but that he did not know whether appellee received the same. There was no attempt to rebut said testimony. Neither was there any attempt to show that the notice so mailed was not received by appellee.

Section 5 of article 8307 of the Revised Statutes provides, in substance, that any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall, within 20 days after the rendition thereof, give notice to the adverse party and to the board that he will not abide by the same. It was held in the case of McClure v. Georgia Casualty Co. (Tex. Com. App.) 251 S. W. 800, 801, 802, that personal service on the respective parties was required. The statute, however, does not provide how such notice shall be served. We quote from 20 R. C. L. p. 356, § 20, on the subject of the service of notice as follows: "It has already been seen that where notice is required by statute, personal notice is required, but so far as the service of notice is concerned, it seems that where notice is actually conveyed to the person to be notified, as by service on a duly accredited agent, this is sufficient. * * * Mailing of notice to a person at his known address within the state may be authorized as a mode of service, but in the absence of a statute authorizing the service of a notice by mail, a notice so served is ineffective unless it is received, though where the notice was properly mailed its receipt will be presumed in the absence of evidence to the contrary. * * * This presumption may be overcome by evidence that the notice never was in fact received."

In McClure v. Georgia Casualty Co., supra, notice that the insurance carrier was unwilling and did not consent to abide by the final ruling and decision of the board was served by mailing the same within 20 days after such final decision, and such service was held effective from the date of the receipt of such notice. See, also, in this conection, Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Civ. App.) 1 S.W.(2d) 646, 647, pars. 1 and 2; Wichita Valley R. Co. v. Davis (Tex. Civ. App.) 275 S. W. 169, 170, 171, pars. 3 and 4. Where it is shown affirmatively that a letter, communication, or notice has been duly mailed to a party, a presumption of fact arises that it was received by such party, and evidence of such mailing will support a finding of such receipt. Smith v. F. W. Heitman Co. (Tex. Civ. App.) 98 S. W. 1076, 1077 (writ refused); Lumbermen's Reciprocal Ass'n v. Henderson, supra; Wichita Valley R. Co. v. Davis, supra, and authorities there cited; Opet v. Denzer, Goodhart & Schener (Tex. Civ. App.) 93 S. W. 527, 528; Eatman v. Eatman (Tex. Civ. App.) 135 S. W. 165, 168; Missouri Pacific Ry. Co. v. Kuthman, 2 Willson, Civ. Cas. Ct. App., pages 407, 408, §

464. Any uncertainty expressed by the witness on cross-examination with reference to his recollection concerning the mailing of such notice merely raised an issue of fact, which appellant in any event was entitled to have submitted to the jury. Funk v. Miller (Tex. Civ. App.) 142 S. W. 24, 25, par. 1.

The judgment of the trial court is reversed, and the cause is remanded.