**Affirmed and Memorandum Opinion filed September 26, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00941-CV

_____

**HECTOR GAINES BARKLEY, III, Appellant**

**V.**

**TEXAS WINDSTORM INSURANCE ASSOCIATION, Appellee**

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10-CV-3087A**

## M E M O R A N D U M   O P I N I O N

Hector Gaines Barkley, III sued Texas Windstorm Insurance Association (TWIA) and others after Hurricane Ike destroyed his house. TWIA filed a motion to enforce injunctions and to dismiss because Barkley was a member of a class in a class action lawsuit with an injunction in place, and Barkley had not opted-out of the class. The pretrial judge granted the motion and dismissed Barkley's suit without prejudice. Barkley appealed and now contends that the pretrial judge

should have recused herself, and that Barkley's right to due process was violated because of a lack of notice of the class action by certified mail and the court's dismissal without allowing discovery. We affirm.

## BACKGROUND

In September 2008, Hurricane Ike struck Galveston and caused significant damage. An administrative judge appointed Judge Susan Criss to handle all pre-trial matters in cases involving insurance disputes arising out of Hurricane Ike.

## I. The "Slab Claim" Class Action

Hubert W. Wilson brought a "Slab Claim" against TWIA; Wilson then entered into a class action settlement with TWIA. Judge Criss signed an order preliminarily approving the class action settlement on July 21, 2010, and an amended order on August 27, 2010. Judge Criss described the settlement class as follows:

> All [TWIA] policyholders with Slab Claims (and any assignees of such claims) that were the result of Hurricane Ike on September 12-13, 2008. "Slab Claims" are defined as those Hurricane Ike residential claims in which nothing of the building remained after Hurricane Ike except perhaps some or all of the pilings or concrete slab, and which were adjusted using Spelman loss ratios, LNSS loss functions, or site specific engineering analysis.[1]

Judge Criss also approved of notice and claim forms to be mailed to class members and described the procedures for notifying class members of the action. Judge Criss required TWIA to send notices to class members by first class mail, postage prepaid, by September 14, 2010. Judge Criss also ordered that if a notice was returned as undeliverable, TWIA had to take any reasonable means (not

---

[1] The court also described persons excepted from the class; Barkley does not contend any of those exceptions apply to him.

requiring payment to a third party) to cause the notice to be sent by first class mail, postage prepaid, to any valid address found for a class member.[2]

Class members could opt-out of the settlement by submitting a request to be excluded; the deadline for opt-out requests was October 15, 2010. The preliminary order enjoined class members from pursuing any litigation or proceedings against TWIA unless and until the class members filed a timely and valid request for exclusion.

On November 15, 2010, following a fairness hearing, Judge Criss signed a final order in the class action case approving of the settlement. By its order approving the settlement, Judge Criss stated she would "allow Class Counsel to make (one) further contract by letter to all Class Members who have not filed a claim, to remind said Class Members of the deadline to file claims of December 15, 2010 and to offer assistance if needed." Finally, Judge Criss found that her earlier directions regarding notice to class members had been followed, and the notice given to the class members fully satisfied the requirements of due process. Judge Criss ruled that the class members were releasing their slab claims against TWIA and were "permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claims in any forum against TWIA." Judge Criss also identified twenty-four class members who had opted-out of the settlement and were not bound by its terms; Barkley was not among them.

---

[2] Further, the court required that TWIA publish notice of the class action in the Sunday and Wednesday editions of the *Houston Chronicle*, *The Galveston Daily News*, and the *Beaumont Enterprise* from September 5 through September 26. The court also required TWIA to publish notice in *The Examiner* for four weeks beginning on September 9.

## II. Barkley's "Slab Claim" Against TWIA

Barkley, represented by counsel T. W. Proctor,[3] filed this lawsuit against TWIA on September 10, 2010, alleging that Hurricane Ike totally destroyed his property, and only the slab remained. Neither party contends that Barkley filed a request to opt-out of the class action settlement before October 15, 2010, or at any other time. Neither party contends that Barkley filed a claim in the class action settlement by December 15, 2010, or at any other time.

In February 2011, TWIA filed a motion to enforce the court's injunction barring class members from prosecuting slab claims against TWIA. TWIA attached evidence, including a letter dated October 8, 2010, addressed to Barkley's counsel T. W. Proctor & Associates, 630 Uvalde, Houston, Texas 77015. The letter stated that Barkley and his counsel had been "enjoined from filing slab claim lawsuits against TWIA unless and until the class member opts out of the settlement class that has been preliminarily approved in the Wilson class action lawsuit." Barkley responded with evidence including part of an affidavit from Kimberly Ness, who described the notice provided to Barkley by Rust Consulting:

> On September 2, 2010, Rust Consulting mailed the Class Notice and Claim Form for Mr. Barkley first class mail, postage prepaid, to:
>
> Hector Barkley
> 11811 East Fwy Ste 200
> Houston, TX 77029
>
> The Class Notice and Claim Form mailed to Mr. Barkley were not returned to Rust as undeliverable return mail.
>
> On November 15, 2010, Rust Consulting mailed a copy of the court-approved reminder letter to Mr. Barkley, care of counsel, by first class mail, postage prepaid, at:

---

[3] Plaintiff's original petition shows Proctor's address as 630 Uvalde, Houston, Texas 77015.

Hector Barkley
TW Proctor & Associated
Houston, TX 77029

On December 6, 2010, the reminder letter was returned to Rust as undeliverable return mail. Accordingly, Rust Consulting re-mailed the reminder letter on December 8, 2010 to:

Hector Barkley
11811 East Fwy Ste 200
Houston, TX 77029

This reminder letter was not returned to Rust as undeliverable return mail.

Judge Criss presided over a hearing at which no additional evidence was presented, and Judge Criss granted TWIA's motion and dismissed Barkley's suit without prejudice. Barkley appealed.

## ANALYSIS

In three issues, Barkley contends that (1) Judge Criss should have voluntarily recused herself from hearing Barkley's motion to dismiss; (2) Barkley's right to due process was violated by "(a) Class Action counsel and Appellee's counsel's in failing to give Appellant proper notice of the Class Action Suit; (b) the 'Ike Cases' Judge who helped create the Agreement which apparently gave the same judge the decision of how to give notice; (c) the same judge then had the power to approve of first class mail, not returned, being sufficient notice to the Appellant and other who suffered great damages, by having their case dismissed;" and (3) Barkley was deprived of the ability to engage in discovery prior to the dismissal.

5

## I.     Recusal

In his first issue, Barkley contends Judge Criss should have recused herself. Barkley argues that Judge Criss had an appearance of a conflict because she "helped set up the 'Class Action' Agreement." TWIA contends Barkley failed to preserve error because the record does not contain a motion to recuse. We agree with TWIA.

Rule 33.1 of the of the Texas Rules of Appellate Procedure requires as a prerequisite to presenting a complaint for appellate review, the record must show, among other things, that the complaint was made to the trial court in a sufficiently specific and timely manner and in compliance with the Texas Rules of Civil Procedure. *See* Tex. R. App. P. 33.1(a). Rule 18a of the Texas Rules of Civil Procedure describes the procedure for seeking recusal of a judge, including the timely filing of a verified motion. *See* Tex. R. Civ. P. 18a.

The record contains no motion to recuse Judge Criss. Accordingly, appellant has failed to preserve any error for review. *See Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 250 (Tex. App.—El Paso 2012, no pet.) (no error preserved when "no motion to recuse, verified, or otherwise, was ever filed in the case"); *see also Galvan v. Downey*, 933 S.W.2d 316, 321 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (no error preserved when "the record is devoid of any evidence on the motion to recuse"); *Soderman v. State*, 915 S.W.2d 605, 608 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (no error preserved when the appellant failed to file a timely motion to recuse); *Vickery v. Tex. Carpet Co.*, 792 S.W.2d 759, 763 (Tex. App.—Houston [14th Dist.] 1990, writ denied) ("[A] party who fails to comply with Rule 18a waives his right to complain of a judge's failure to recuse himself.").

Barkley's first issue is overruled.

## II. Notice

In his second issue, Barkley contends his right to due process was violated principally by the method of notice Judge Criss approved—first-class mail. He argues that this method of notice was not reasonably calculated under the circumstances to apprise him of the pendency of legal action that affected his property rights. He suggests that due process required sending the notice by certified mail, return receipt requested. TWIA contends there is no evidence in this record that Barkley lacked notice of the class action, and regardless, first-class mail generally has been held adequate to satisfy due process for notifying members of a class action.

"[E]vidence that a party received actual notice of a hearing may defeat the party's claims on appeal for due process violations." *Pierce v. Tex. Racing Com'n*, 212 S.W.3d 745, 758 (Tex. App.—Austin 2006, pet. denied) (collecting cases); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (actual notice "more than satisfied" due process rights). And it is settled law in Texas "that when a letter properly addressed and with postage prepaid is mailed, a presumption of fact (rebuttable of course) arises that it was duly received by the addressee." *Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 455, 159 S.W.2d 854, 857 (Tex. 1942); *see Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) ("Rule 21a [of the Texas Rules of Civil Procedure] sets up a presumption that when notice of a trial setting is properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee." (citing *Southland,* 138 Tex. 450, 159 S.W.2d 854)); *accord Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet.).[4] "[I]n the absence of

---

[4] See also, e.g., Rosenthal v. Walker, 111 U.S. 185, 193 (1884); 58 Am. Jur. 2d Notice § 38; E.W.H., Annotation, Rebuttal of Presumption of Receipt of Letter Properly Mailed and Addressed, 91 A.L.R. 161 (1934).

evidence to the contrary, the presumption has the force of a rule of law." *Southland*, 138 Tex. at 455, 159 S.W.2d at 857. "This presumption relieves the sender of the difficult burden of showing that the recipient actually received notice." *Wesco Distribution, Inc. v. Westport Group, Inc.*, 150 S.W.3d 553, 561 (Tex. App.—Austin 2004, no pet.).

The Ness affidavit states that Rust Consulting sent notice of the class action to "Hector Barkley / 11811 East Fwy Ste 200 / Houston, TX 77029," by "first class mail, postage prepaid," and the mailing was not returned as undeliverable. This evidence is sufficient to trigger the presumption of receipt. *See Wichita Valley Ry. Co. v. Davis*, 275 S.W. 169, 170–71 (Tex. App.—El Paso 1925, no writ) (evidence was sufficient to raise the presumption when a witness testified he "'forwarded it through due course of mail'" because the "plain and necessary import of this testimony is that the letter was properly addressed, stamped, and deposited in the mail").

Barkley, on the other hand, provided no controverting evidence by affidavit or otherwise.[5] His counsel's contentions regarding lack of receipt made at the hearing on TWIA's motion and in the written response to TWIA's motion are not evidence. *See, e.g.*, *Pues v. Veterans of Foreign Wars Post 8246*, No. 14-08-00333-CV, 2009 WL 2620564, at *8 n.5 (Tex. App.—Houston [14th Dist.] Aug. 27, 2009, no pet.) (mem. op.) ("[A]rgument of counsel is not evidence."); *Christian Bros. Auto. Corp. v. Decicco*, No. 14-03-00997-CV, 2004 WL 1877735, at *2 (Tex. App.—Houston [14th Dist.] Aug. 24, 2004, no pet.) (mem. op.) ("[S]tatements made in an unsworn motion do not constitute evidence."); *accord*

---

[5] Barkley points to sworn declarations of other claimants "who, like Appellant, stated that each of them did not receive notice of the 'Class Action' law suit [sic]." Barkley's citations to the record are declarations of the other claimants, represented by different counsel, who opposed TWIA's motion. Barkley himself submitted no declaration.

*Chamberlain v. Cherry*, 818 S.W.2d 201, 208 (Tex. App.—Amarillo 1991, orig. proceeding) ("Pleading, motions and arguments of counsel do not constitute evidence.").

In light of the presumption of receipt and the lack of rebuttal evidence, there is some evidence that Barkley received notice of the class action. There is no due process violation under these circumstances.

Barkley's second issue is overruled.

## III. Discovery

In his third issue, Barkley contends he was denied his right to due process by Judge Criss's order in the class action enjoining discovery. TWIA contends appellant has waived this issue by inadequate briefing, among other reasons. We agree with TWIA.

Rule 38.1(i) of the Texas Rules of Appellate Procedure requires an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). "An issue not supported by authority is waived." *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *accord Home Loan Corp. v. JPMorgan Chase Bank, N.A.*, 312 S.W.3d 199, 206 (Tex. App.—Houston [14th Dist.] no pet., 2010). Barkley fails to make a clear and concise argument for this issue and fails to cite authority; accordingly, the issue is waived.

Barkley's third issue is overruled.

## CONCLUSION

Having overruled all of Barkley's issues, we affirm the trial court's judgment.

/s/      Sharon McCally
             Justice

Panel consists of Justices Brown, Christopher, and McCally.